*In Re:* ESTATE OF WILLIAM C. WILKINS, Deceased, PHILIP W. WILKINS, GENEVIEVE WILKINS, ARDIS ARMSTRONG, and EULALIA W. ABNEY, joined by her husband, A C. ABNEY, v. J. S. WILKINS.

174 So. 412.
Division B.
Opinion Filed May 21, 1937.

*Robinson & Singeltary, P. C. Gorman* and *Philip D. Beall,* for Appellants;

*Gaines & Futch,* for Appellee.

WHITFIELD, P. J.—The appeal herein is from the following order:

"IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR LAKE COUNTY.

."*In Re:* ESTATE OF WILLIAM C. WILKINS, Deceased, PHILIP W. WILKINS, GENEVIEVE WILKINS, ARDIS ARMSTRONG, and EULALIA W. ABNEY, joined by her husband, A. C. ABNEY, Appellants, v. J. S. WILKINS, Appellee.

"ORDER ON APPEAL.

"This cause is before the undersigned Circuit Judge on

appeal from the County Judge's Court of Lake County, Florida. The order appealed from is an order entered by Honorable J. C. B. Koonce, Circuit Judge, acting County Judge, on account of the illness of Honorable E. M. Tally, County Judge of Lake County, Florida. The order admitting to probate the last Will and Testament of W. C. Wilkins, also known as William C. Wilkins, was entered on April 7, 1936. The appellants in this case filed their entry of appeal to the Circuit Court of Lake County, Florida, on May 7, 1936, and by an order entered by the undersigned, the time was extended as provided under Section 53, of the Probate Act, for a hearing on this appeal, which was ordered to be heard on July 10, 1936, and the appellants having given due and proper notice to the appellee, and his counsel of this hearing on appeal, the matter is now before the Court, sitting in an appellate capacity, for a ruling on said appeal, and the court after an inspection of the record in the cause, and after hearing counsel, and being duly advised of the ruling of the Supreme Court of Florida, in an opinion by Justice BROWN, in the case of Starr v. Wilson, as Executor, rendered during the June Term, 1935, by Division A, which to this date has never been officially released, as the court is advised by counsel, by reason of an undisposed petition for rehearing having been filed, this Court is of the opinion that it should not be placed in the position to determine a controversy which has been passed upon by another Judge of the Circuit Court, that the Court should enter its order affirming the order appealed from, with the right to the appellants to take their appeal to the Supreme Court for final determination, it is therefore, upon consideration thereof, ordered and adjudged that the Order of Honorable J. C. B. Koonce, Circuit Judge, acting County Judge, on account of the illness of Honorable E. M. Tally, County Judge

of Lake County, Florida, admitting the last Will and Testament of W. C. Wilkins to probate, be and the same is hereby affirmed, which order is made without consideration of the merits of the case, for the reasons above stated.

"Done and ordered at Brooksville, Florida, this 10th day of July, A. D. 1936.

"FRED L. STRINGER,<br>
"*Circuit Judge.*"

The case of Starr v. Wilson referred to in the above order of the Circuit Judge is reported as *In re* Starr's Estate, Starr v. Wilson, Wilson v. Starr, 125 Fla. 536, 170 So. 620. The decision of this Court in that case was predicated upon the provisions of Sections 1280 and 1590, Revised Statutes of 1892, Sections 5199 (3346), 4642 (2923), C. G. L. 1927. This case arose after the enactment and effective date of Chapter 16103, the Probate Act of 1933, which became effective October 1, 1933. Sections 42 and 52 of Chapter 16103 are as follows:

"Section 42. Substitution of Circuit Judge. Any judge of the circuit court of the county, in the case of disqualification, absence, sickness or other disability of the county judge, is authorized to discharge all of the duties and powers of the county judge as a probate judge. In the event such circuit judge be disqualified, absent from the circuit, sick, or under other disability, then any other circuit judge in the State who is not disqualified may discharge such duties and powers. * * *"

"Section 52. Right of Appeal. All orders, judgments and decrees of the county judge finally determining rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the circuit court and from the circuit court to the Supreme Court. In the event of a circuit judge sit-

ting as a county judge as provided in Section 42 hereof, the appeal from any order, judgment or decree of such circuit judge sitting as a county judge shall be to the circuit court and from the circuit court to the Supreme Court." Sections 5541 (5), 5541 (15), 1936 Permanent Supplement to C. G. L., 1927.

See also Chapter 16053, Acts of 1933. Section 4348 (2681) C. G. L.; Section 11, Article V, Constitution of 1885.

The Probate Act of 1933 contemplates that upon an appeal from an order or decree of the County Judge acting as a Probate Court, or on an appeal from an order or decree made by a Circuit Judge acting as County Judge in Probate matters, the Judge of the Circuit Court shall, in affirming or reversing the order or decree appealed from, adjudicate the merits of the order or decree appealed from, so that the parties may have the benefit of such an adjudication *on the merits* by the intermediate appellate court, even though an appeal may be taken to the Supreme Court from the order or decree of the Circuit Court as an intermediate appellate court. Section 11, Article V, Constitution; Section 52, Chapter 16103, Acts of 1933.

In this case the Judge of the Circuit Court to whom the appeal to the Circuit Court was duly presented for determination under the Probate Act of 1933, states in his decree that the order "admitting the last will and testament of W. C. Wilkins to probate, be and the same is hereby affirmed, which order (of affirmance) is made without consideration of the merits of the case." The Judge apparently did not consider the effect of Section 52, Chapter 16103, the Probate Act of 1933.

The order or decree here appealed from is reversed and the cause is remanded to the Circuit Court for a decree to

be rendered on the appeal taken to that Court, after due consideration of the merits of the cause.

It is so ordered.

BROWN and DAVIS, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.