IN RE: ESTATE OF WILLIAM C. WILKINS, J. S. WILKINS v. PHILIP W. WILKINS, GENEVIEVE WILKINS, ATDIS ARMSTRONG, EULALIA W. ABNEY, joined by her husband, A. C. ABNEY.

186 So. 826.

Opinion Filed October 15, 1938.

*T. G. Futch* and *Harry P. Johnson,* for Appellant;

*Philip C. Gorman, Henry C. Tillman* and *Philip D. Beall,* for Appellees.

PER CURIAM.—This is the second appearance of this case in this Court. See Wilkins v. Wilkins, 128 Fla. 273, 174 Sou. 412.

Pursuant to the going down of the mandate, the Circuit Court of Lake County entered its judgment reversing the Order of Circuit Judge Koonce, acting as County Judge, admitting the alleged Will to probate.

The judgment of the Circuit Court from which this appeal is taken concludes as follows:

"It seems that the Chancellor acting in capacity as Probate Judge, if he was acting in that capacity, was in error in his conclusions upon the testimony in the cause, and that his ruling thereon should be reversed, and if this Chancellor has any jurisdiction in the matter which the Supreme Court says he does have by virtue of a Statute, and the ruling of the Judge acting in capacity as Probate Judge is reversed and the cause is remanded to the Probate Court of Lake County, Florida, for further consideration in accordance with this ruling and the order admitting the will to probate is reversed.

Done and ordered at Chambers at Brooksville, Florida, this 6th day of April, A. D. 1938."

The language interpolated as follows: "and if this Chancellor has any jurisdiction in the matter which the Supreme Court says he does have by virtue of a Statute" may be said to evidence a doubt in the mind of the Court as to whether or not it had jurisdiction and may be eliminated as surplusage because that point was definitely settled in the opinion of this Court, *supra,* filed here on May 21, 1937, and he holding in that opinion became the law in this case.

The Will was attacked upon two grounds: (1) that the testator was without testamentary capacity at the time of the execution of the Will, and, (2) that the Will was invalid because its execution was the result of undue influence exercised over the testator by his brother, one of the major beneficiaries of the Will.

The evidence fails to establish as a fact that the testator was not of testamentary capacity at the time of the execution of the Will. The record shows the exercise of undue influence to such an extent as to entirely invalidate the Will and, therefore, the judgment of the Circuit Court is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, and BUFORD, J. J., concur.

TERRELL, J., dissents.

CHAPMAN, J., disqualified.