Philip W. Wilkins, as Administrator of the Estate of William Cornelius Wilkins, Deceased, *et al.*, v. J. S. Wilkins, *et al.;* Philip W. Wilkins, as Administrator of the Estate of William Cornelius Wilkins, Deceased, and Philip W. Wilkins, Individually, Genevieve Wilkins, Ardis Armstrong, Eulalia W. Abney and A. D. Abney, Her Husband, *et al.,* v. United Mutual Life Insurance Company, a Corporation, J. S. Wilkins, *ct al.*

192 So. 791
Special Division B
(2 Cases)
Opinion Filed December 22, 1939
Rehearing Denied January 17, 1940

*Philip D. Beall* and *Philip C. Gorman,* for the Appellants;
*Harry P. Johnson,* for Appellees.

BUFORD, J.—The appeal brings for review a final decree
in which the court disposed of two cases, one being styled
Philip W. Wilkins as Administrator of the Estate of
William Cornelius Wilkins, deceased, *et al.,* plaintiffs, v.
J. S. Wilkins and Nora Wilkins, his wife, defendants, known
as Chancery Case No. 5643, and the other was the case of
United Mutual Life Insurance Co., a corporation, plaintiff,
v. Philip W. Wilkins, *et al.,* defendants, known as Chancery
Case No. 5684.

The insurance case involves the question as to whether
or not J. S. Wilkins was made beneficiary of an insurance
policy by change of beneficiary as result of undue influence
and also it involves the question as to whether or not W. C.
Wilkins the insured was mentally incapable of making a
binding change as to the beneficiary of the policy at the
time the change in beneficiary was made.

The accounting case involves a question as to whether
or not (1) J. S. Wilkins was acting in a fiduciary capacity
in handling the affairs of W. C. Wilkins, now deceased,
from January 1, 1931, until the death of W. C. Wilkins on
August 1, 1935; and (2) if the first question is answered
in the affirmative, whether or not by reason of such fiduciary
relationship J. S. Wilkins acquired control, possession and
management of certain property theretofore belonging to
W. C. Wilkins; and (3) whether or not certain properties
shown to have been acquired by J. S. Wilkins from W. C.
Wilkins during that period were lawfully acquired and be-
came of the property of J. S. Wilkins, or were procured by
undue influence and, therefore, were not transferred or con-
veyed by valid sale, gift, conveyance or delivery from W. C.
Wilkins to J. S. Wilkins.

The final decree adjudicated as follows:

"The court is of the opinion that the plaintiffs in the accounting case have not proved a case to entitle them any relief, and that the bill of complaint should be dismissed, and the court is likewise of the opinion that there is no evidence showing any undue influence on the part of Joe Wilkins in the matter of the change of beneficiary of the life insurance policy in the insurance case, and that a decree should be entered therein awarding to the said Joe Wilkins the proceeds of said policy and directing the payment thereof to him by the Clerk of the Circuit Court of Lake County, Florida."

And thereupon, order was entered in Chancery Case No. 5643 adjudicating:

"ORDERED, ADJUDGED AND DECREED that the bill of complaint herein, be and the same is hereby dismissed.

"It is further ORDERED that each of the parties pay and assume such costs as they may have occurred, paid or assumed in this case.

"DONE AND ORDERED at Chambers in Ocala, Marion County, Florida, this 2nd day of August, A. D. 1939."

Another phase of the relationship and transactions between J. S. Wilkins and W. C. Wilkins was before this Court in the case of Wilkins v. Wilkins, 128 Fla. 273, 174 Sou. 412, and again in Wilkins v. Wilkins, 136 Fla. 86, 186 Sou. 826. In the latter case we held:

"The will was attacked upon two grounds: (1) That the testator was without testamentary capacity at the time of the execution of the will, and (2) that the will was invalid because its execution was the result of undue influence exercised over the testator by his brother, one of the major beneficiaries of the will.

"The evidence fails to establish as a fact that the testator was not of testamentary capacity at the time of the execution of the will. The record shows the exercise of undue influence to such an extent as to entirely invalidate the will and, therefore, the judgment of the circuit court is affirmed."

The will was executed on July 22, 1931.

The record in the instant case is a great deal more voluminous than was the record in the will case above referred to but, when all is considered, the result is that we find cumulative evidence pro and con concerning the same factual conditions but must again arrive at the conclusion that during all these years between 1930 and the death of W. C. Wilkins, W. C. Wilkins was under the dominant influence of J. S. Wilkins.

The record shows conclusively that J. S. Wilkins occupied a position of trust and confidence with W. C. Wilkins; that he held power of attorney from W. C. Wilkins which purported to authorize him to act in the place and stead of W. C. Wilkins in business transactions and that under such power of attorney J. S. Wilkins caused to be transferred from W. C. Wilkins to himself negotiable bonds and other personal property of large value and that he also procured and received from W. C. Wilkins deeds of conveyance of real estate.

In the case of Harris v. Zeuch, 103 Fla. 183, 137 Sou. 135, we said:

"This court has gone far in its interpretation of the term 'fiduciary or confidential relation,' which it has declared 'is a very broad one.' Speaking through Mr. Justice Terrell, we said in Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A. L. R. 1173:

" 'Stripped of all embellishing verbiage, it may be confidently asserted that every instance in which a confidential

or fiduciary relation in fact is shown to exist will be interpreted as such. The relation and duties involved need not be legal; they may be moral, social, domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.' "

The law is a zealous guardian of confidence and trust and will not permit even the casual use of such relations to become the vehicle for the acquisition of personal gain or to acquire property without full, fair and adequate compensation.

A fiduciary will not be allowed to reap a harvest planted upon the fields of fiduciary relationship without a clear showing of good faith and no unfair advantage having been indulged.

In Sec. 497, Restatement of the Law, Contracts, it is said:

"Where one party is under the domination of another, or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare, a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable.

"Comment:

"A. The protection given parties of the class included under the rule stated in this Section is broader than that given where parties bear no such relation to one another. Duress between such parties has the same effect as between other parties, but unfair persuasion without fear is enough to constitute undue influence within the rule stated in the Section. The relationships that ordinarily fall within the

rule are those of parent and child, guardian and ward, husband and wife, physician and patient, attorney and client, clergyman and parishioner. In each of these cases, however, it is a question of fact whether the relationship in a particular case is such as to give one party dominance over the other, or put him in a position where words of persuasion have undue weight; and even though none of the relations enumerated above exist, if the relationship in fact was such that there was dominance or justifiable trust and confidence, the result is the same as if it were based on one of the relationships enumerated above.

"b. Inadequacy of consideration or any other disadvantageous feature in an agreement is important as evidence in connection with other circumstances showing unfair persuasion, but is not in itself enough to establish undue influence. Good faith of the persuader does not preclude the possibility of undue influence, but bad faith strongly tends to show it.

"c. The degree of persuasion that is unfair depends on a variety of circumstances. The ultimate question is not merely whether the persuasion induced the transaction, for such persuasion is often permissible, but whether the result was produced on the one hand by influencing a freely exercised and competent judgment or on the other by dominating the mind or emotions. The weakness or dependence of the person persuaded is a strong circumstance tending to show persuasion may have been unfair."

In Section 498 of the same work, it is said:

"Where a beneficiary enters into a transaction with his fiduciary relating to matters within the scope of the fiduciary relation, the transaction is voidable, unless (a) it is fair and reasonable, and (b) is assented to by all parties beneficially interested, with knowledge of their legal rights

and of all relevant facts that the fiduciary knows or should know, and (c) these parties are of competent age and understanding and are not subject to undue influence."

In Rich v. Hallman, 106 Fla. 348, 143 Sou. 292, this Court, speaking through Mr. Justice TERRELL, said:

"In view of the age and infirmity of the donor, the confidential relation existing between the donor and donee, the influence shown to have been exerted over the donor by the friends of the donee and by the donee herself and in view of other facts and circumstances peculiar to this case, we feel impelled to hold that the duty was on the donee to show that the assignment of the note and mortgage brought in question was bona fide and that it was not secured by undue influence, deceit or other improper means. Peacock v. DuBois, 90 Fla. 172, 105 So. 32; Nelson v. Brown, 164 Ala. 397, 51 So. 360; Haslinger v. Gabel, 344 Ill. 354, 176 N. E. 340; Alloree v. Jewell, 94 U. S. 506-513, 24 L. Ed. 260, pages 263-264, 12 R. C. L. 972; Black on Rescission and Cancellation, Sections 249 and 253.

"All these authorities support the general rule founded on public policy that where a mutual confidential relation exists and a gift is made to one in whom the confidence is reposed it is *prima facie* void because of such relation. The law presumes in other words, when such relation exists that the gift was obtained by undue influence or other improper means, when persons occupy positions of trust and confidence as did the parties to this cause, they are held to a strict measure of candor in their dealings and any transactions between them predicated on a grossly inadequate consideration will be viewed as suspicious. Equity raises a presumption against the validity of such dealings and imposes on the vendee or the donee the burden of showing the good faith and voluntary conduct of the donor or the

vendor as the case may be. 12 R. C. L. 972 and cases cited."

Applying the principles above stated to the record before us, we must reach the conclusion that the appellee failed to meet the burdens cast upon him: That insofar as the insurance policy is concerned, the law applicable in this case is, as was stated in the case of Beatty v. Strickland, 136 Fla. 330, 186 Sou. 542, and the change in the designation of the beneficiary was voidable and should be cancelled.

The appellees should be required to convey to the appellants the real estate remaining vested in them, or either of them, subsequent to January 1, 1931, and should be required to account for and pay over to the appellants either in kind or the value of all bonds and other personal property which came into the hands of appellees or either of them from W. C. Wilkins or his estate subsequent to January 1, 1931, less such amount as the court below may find to be reasonable and just compensation for services rendered by J. S. Wilkins to W. C. Wilkins under the rule of *quantum meruit,* such allowance being subject to review by this Court.

For the reasons stated, the decrees are reversed with directions that the decree be entered not inconsistent with this opinion.

So ordered.

Reversed with directions.

TERRELL, C. J., and WHITFIELD, P. J., concur.

BROWN, J., concurs in opinion and judgment.

CHAPMAN, J., disqualified.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.