**MAY PIERCE HARKINS, v. THE ATLANTIC NATIONAL BANK OF JACKSONVILLE, et al.**

8 So. (2nd) 481                                          En Banc
May 26, 1942                        Rehearing Denied June 22, 1942

John H. Carter, & John H. Carter Jr., for appellant.

L'Engle, Shands, McCarthy & Lane, and W. L. Bryan, for appellees.

CHAPMAN, J.:

The record in this case discloses that May Pierce Harkins, now a widow, on June 3, 1936, became the owner of seventy-five shares of the capital stock of the par value of $100.00 per share of Greenwood

Products Company. On June 25, 1937, the Greenwood Products Company declared a 200% dividend on said stock, which amounted to $15,000.00, and a check was issued therefor payable to May Pierce Harkins. Mrs. Harkins endorsed the check and delivered it to her husband, A. D. Harkins, who in turn endorsed the same: "A. D. Harkins, Trustee," and transmitted the same by letter to the American National Bank at Pensacola, Florida, on July 20, 1937.

The letter of transmittal is viz:

"Greenwood, Florida.
July 20th, 1937.

"The American National Bank,
Pensacola, Florida.
Gentlemen:

*Attention to Mr. Ed. Malone:*

"The New Deal profit tax law has caused us to have to change our policy of building up our surplus cash. I gave my wife a block of my stock back in 1935 and she has created an irrevocable trust for our children naming me as immediate trustee.

I am, therefore, opening an account in my name as trustee to which I am depositing her dividend check drawn on your bank. Under the trust agreement, nobody has authority to draw on this account except myself. And all checks must be signed by A. D. Harkins, Trustee.

"Thanking you to handle this matter as outlined, I am,

Very truly yours,
A. D. Harkins" (Signed).

On June 28, 1937, a trust agreement was executed by May Pierce Harkins, as settlor, and A. D. Harkins was made immediate trustee, and May Pierce Harkins,

H. G. Ray and Atlantic National Bank of Jacksonville were made successor trustees. The 75 shares of the capital stock of the Greenwoods Products Company were transferred by the trust agreement to or made a part of the trust estate, and Article III thereof provided for the deposit of additional property. The four children of the settlor, as well as the settlor, were to receive from the trust the sum of $200.00 per month as a minimum. The immediate trustee by the instrument was granted broad powers in the handling and reinvestment of the corpus or assets of the trust estate.

A. D. Harkins, as trustee, drew three checks on the trust account with the American National Bank of Pensacola and on October 10, 1937, the balance in the account was the sum of $14,723.79, when May Pierce Harkins advanced from her separate property to her husband the additional sum of $1,276.25, for deposit on the account, thus making a total of $16,000.00, which her husband, A. D. Harkins, loaned to the Greenwood Products Company and received from the Greenwood Products Company its promissory note in the sum of $16,000.00 dated September 1, 1937, and payable to A. D. Harkins, trustee. Interest was paid on the note and the same renewed from time to time, when 75 shares of the capital stock of the Consumers Gas Company was purchased by A. D. Harkins for the sum of $5,000.00 and the said stock was placed in the name of A. D. Harkins as trustee. The cost of the Consumers Gas Company stock in the sum of $5,000.00 was credited on the $16,000.00 note, thereby reducing it to the sum of $11,000.00. On June 30, 1939, accrued interest on the $11,000.00 note in the sum of $713.59 was paid by

the Greenwood Products Company and by Harkins credited to the account of Harkins, Trustee. On October 16, 1939, Harkins, individually, supplied Consumers Gas Company $1500.00 by check, as working capital for said company and the same was paid by the bank on the day of his death.

May Pierce Harkins, widow, in August, 1940, filed her bill of complaint in the Circuit Court of Jackson County, Florida, praying that a decree be entered holding that she was the owner and entitled to the immediate possession of: (a) 75 shares of the capital stock of Consumers Gas Company of Georgia of the value of $100.00 per share; (b) one promissory note in the sum of $11,000.00 dated July 1, 1939, maturing one year after date, payable to A. D. Harkins, trustee, bearing interest at 5%; (c) the sum of $540.00 in cash, being the interest paid by Greenwood Products Company which was due on said note on June 30, 1940; and that the defendant trustees under the declaration of trust have no right, title or interest in the described property and are not entitled to the custody, possession or control thereof. Answers were filed and testimony was taken before the chancellor and after hearing all the testimony and argument of counsel an order was entered dismissing the bill of complaint, and an appeal therefrom has been perfected to this Court.

Counsel for appellant propounds five questions for adjudication by this Court; (1) does the title and ownership of the $15,000.00 dividend pass with the transfer of the 75 shares of stock in the Greenwood Products Company into the trust estate?; (2) did the husband, as a matter of law, have the possession of the wife's property and its care and management

under the facts of the controversy as authorized by the statute?; (3) where the husband has the care and management of the wife's property at the time of his death, does there exist a legal presumption that the wife had divested herself of the ownership of her personal property?; (4) was the burden of proof in this controversy on the wife or the trustee; (5) does the evidence establish a constructive trust in favor of the plaintiff widow? It is admitted that the 75 shares of the capital stock of the Greenwood Products Company were transferred to and are now controlled by the trust agreement and no feature of the trust agreement is here challenged.

It is contended that when a fiduciary deals with property intrusted to him, his acts in the management thereof are closely scrutinized and every presumption is against the fiduciary. When A. D. Harkins accepted the care and management of his wife's property, the rule with special force applied to him and when the husband has possession of the wife's property no presumption of a gift by her to him exists. Counsel to sustain this view cites Rich v. Hallman, 106 Fla. 348, 143 So. 292; Harris v. Zeuch, 103 Fla. 183, 137 So. 135; Wilkins v. Wilkins, 141 Fla. 188, 192 So. 791.

Likewise when a principal deals with a fiduciary and the ownership of the property is established by a plaintiff, as in the case at bar, the burden of proof shifts to the defendant and the established rule that the burden of proof rests on a plaintiff to establish the material allegations of the bill of complaint is inapplicable. Counsel relies on Washington Loan & Trust Co. v. Hutchinson, 107 Fla. 69, 144 So. 343; Adams v. Saunders, 139 Fla. 730, 191 So. 312. These

cases have been carefully examined in the light of the contention made.

The evidence here shows that the details for the drafting of the trust agreement and a will of A. D. Harkins was being considered from April, 1937, until approved and signed in June, 1937. The beneficiaries of the will were May Pierce Harkins and her minor children. The several acts and conduct on the part of the appellant appear to sustain a strong inference that the appellant and her husband were collaborating to create a trust fund. The letter written by the husband to the Pensacola Bank concerning the trust agreement and his instructions about the A. D. Harkins trustee account and the request for book of checks of the bank are very persuasive. It cannot be said that the late Mr. Harkins profited one dime from the management of the trust property. The fund was provided as an income for his wife and their children. We think there is substantial testimony in the record to sustain the conclusion of the chancellor below and for this reason we should not interfere with the decree of the lower court.

The decree appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, and THOMAS, JJ., concur.

BUFORD, and ADAMS, JJ., not participating.