MARY E. MOORE v. HELEN NAGLE FITZGERALD, W. EARL FITZGERALD and C. W. GARDNER, as Administrator or Executor of the Estate of Michael Nagle, deceased.

26 So. (2nd) 50                                    January Term, 1946
May 3, 1946                                        En Banc
Rehearing denied May 29, 1946

*Beacham & Gaulden,* for appellant.

*J. W. Nowlin* and *James Messer,* Jr., for appellees.

PER CURIAM:

Affirmed. See In re Donnelly's Estate, 137 Fla. 459, 188 So. 108; Wilkins Estate 128 Fla. 273, 174 So. 412; Alkire's Estate, 142 Fla. 862, 144 Fla. 606, 198 So. 475; Thompson's Estate, 145 Fla. 42, 199 So. 352; Watts v. Newport, 149 Fla. 181, 6 So. (2nd) 829.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

On October 31st 1942, Michael Nagle died in Miami, Florida, where he had been sojourning for some time prior to said date. He had at one time been a resident of Palm Beach County, Florida. Prior to his death Michael Nagle on November 7th, 1928, made and executed a will wherein he named Helen Nagle Fitzgerald, his adopted daughter, the principal beneficiary. On June 16th, 1942, he executed a will wherein he named Mary E. Moore as principal beneficiary and revoked the former will.

On November 25th, 1942, Helen Nagle Fitzgerald filed the will of November 7th 1928 in the Probate Court of Palm Beach County, Florida, and prayed the probate of such will.

On November 30th, 1942, Mary E. Moore filed in the Probate Court of Dade County, Florida, the will of Michael Nagle dated June 16th 1942 and prayed probate of said will and for letters testamentary to be issued to the said Mary E. Moore. The will filed in Dade County was probated and letters testamentary issued to Mary E. Moore on January 29th 1943.

On September 18th 1943 Helen Nagle Fitzgerald and C. W. Gardner as Administrator cum testamento annexo of the estate of Michael Nagle filed their petition in the Probate Court of Dade County, Florida, setting forth the facts of the probate in the County Judge's Court of Palm Beach County, Florida, of the earlier will of Michael Nagle, deceased, and praying for revocation of probate granted by the County Judge of Dade County upon said latter will and setting forth the order made by the Honorable Richard P. Robbins, County Judge of Palm Beach County, declaring that Michael Nagle, deceased, was a resident of Delray Beach in Palm Beach County, Florida, and that the said County Judge of Palm Beach County, Florida, had legally acquired jurisdiction of administration of said estate.

On October 13th 1943, in response to citation issued by the County Judge of Dade County, Mary E. Moore filed answer to the petition for revocation of probate.

The matter came on to be heard before the County Judge of Dade County, Florida, and thereupon the County Judge entered his order revoking the probate and Letters Testamentary so issued as aforesaid and ordered that the original will, which was then on file in his office, be transmitted to the County Judge of Palm Beach County, Florida.

No appeal was taken from this order and thereafter Mary E. Moore filed in the Probate Court of Palm Beach County, Florida, a petition for revocation of probate of the will dated November 7th, 1928, and for probate of the will dated June 16th 1942.

Motions to strike certain paragraphs of the petition of Mary E. Moore and to dismiss the petition were filed in the Probate Court on May 31st 1944 and on the same date answer was filed. Motions to strike and dismiss were denied. Thereafter, the matter came on for hearing on petition and answer. In paragraph 7 of the answer by the respondents it is alleged:

"That they admit that on November 17, 1941, a decree was entered by the Judge of the Circuit Court of Palm Beach County, Florida, in chancery, appointing C. W. Garner as Curator for the property of Michael Nagle, deceased, which decree was in full force and effect from said date until the death of the said Michael Nagle. That by reason of the existence of the said decree that the said Michael Nagle was incapable of making a Will. That they deny the allegation that the decedent had full testamentary capacity and fully understood and knew what he was doing at the time he executed said purported later will."

And, in paragraph 14 of the answer it is alleged:

"Your respondents further show unto the court that said purported Last Will and Testament dated June 16, 1942, is wholly null and void by virtue of the existence of the decree of the Circuit Court of Palm Beach County, Florida, dated November 17, 1941, wherein C. W. Garner was appointed Curator for the property of said Michael Nagle, which decree was in full force and effect from the date it was entered until the death of the decedent."

So it is that the controlling question to be determined by the County Judge, as Judge of Probate, was whether or not Michael Nagle was on June 16th 1942 possessed of testamentary capacity.

There is no contention that either will was not properly executed with all necessary formality. If the last will was valid then it superseded the first will and the first will was thereby nullified. The order of the Probate Judge in entering his decree, which was appealed to the Circuit Court and was there affirmed, and which affirmance we now review, said:

"An answer was filed to the petition by Helen Nagle Fitzgerald, and others, in which it is alleged by the respondents: 'That they deny the allegations that the decedent had full testamentary capacity and fully understood and knew what he was doing at the time he executed said purported later will.'

"From the evidence, taken before me, upon the issue thus made, I believe that the respondents have sustained the burden of proving, by a preponderance of the evidence, that at the time of the execution of the said latter will, dated June 16th 1942, the said Michael Nagle was not a person of 'sound mind' within the meaning of the statute governing the making of wills in this State. (731.04 F.S.A.)

"There being no attack upon the validity of the prior will other than the contention that it is revoked and superseded by the later will, therefore;

"IT IS ORDERED, ADJUDGED AND DECREED that the petition of Mary E. Moore for the revocation of the probate of the will of Michael Nagle, deceased, dated November 7th 1928 and for the probate of the purported will, dated June 16th 1942, be and the same is hereby denied and dismissed."

Thereafter, on rehearing and reconsidering the testimony, on March 26th 1945, he reaffirmed that holding.

The record here shows that Mr. Nagle was 87 years old when he died. More than a year before his death he was in bad physical condition which, to some extent, appears to have affected his mind. On August 24th 1941 Mrs. Moore went to Delray where Mr. Nagle lived and took him from there to her

home in Miami. It appears that during the latter part of the year 1941 Mr. Nagle's physical and mental condition were very bad and practically all of the evidence tending to show that he was without testamentary capacity had reference to his condition at that time. But, the uncontradicted evidence is that after Mrs. Moore had been taking care of him for a few months he began to improve and continued to improve until just prior to his death. He executed the second will, as is heretofore stated, on June 16th 1942. Mr. P. N. Hiatt, a reputable attorney of Palm Beach, Florida, drew the will for Mr. Nagle at his request and also was a subscribing witness, at the request of Mr. Nagle, to the execution thereof. He testified very fully as to the matter of testamentary capacity of the donor and explained that he was particularly careful because he had been advised that Mr. Nagle's affairs were in the hands of a Curator appointed by the Circuit Court and he wanted to be absolutely certain of his mental capacity before preparing the will and that it was his opinion that Mr. Nagle possessed testamentary capacity and understood what he was doing. Other witnesses testified as to his mental capacity as it appeared from that time until the time of his death and we have found no evidence in the record pertaining to that period which tends to establish the fact that he did not possess testamentary capacity at the time he executed the will of June 16th 1942. Of course, it is elementary that the burden is on those who attack a will for want of testamentary capacity on the part of the testator and, as we read the record, those who challenge the will in this case entirely failed to carry that burden.

We come now to another phase of the case. On November 13th 1941, which was after the time Mr. Nagle had moved from Delray Beach in Palm Beach County to Miami in Dade County, Helen Nagle Fitzgerald and W. E. Fitzgerald, who then resided in the State of Michigan, in the County of Wayne, filed their petition in the Circuit Court of Palm Beach County, Florida, alleging in effect that Michael Nagle was then 86 years of age; that he was mentally and physically defective by reason of his age and because of his mental and physical defects he had become physically incapacitated and

was unable to take care of his property and in consequence thereof was liable to dissipate or lose the same, or become the victim of designing persons. That because of his defective mental and physical condition, and his physical incapacity, he was unable to look after himself properly and needed someone to provide proper lodging, food and clothing for himself and prayed for a Guardian to be appointed. Thereafter, on November 13th, the Circuit Court issued an order that hearing be had on the said application for Curatorship on November 17th 1941, and that copy of said order be served upon Michael Nagle, which the Court found later was done.

Hearing was held on November 17th at which hearing Mr. Nagle did not appear and there is no showing that he ever did appear before the Court in regard to such petition.

One of the petitioners, W. E. Fitzgerald, is shown by the order of the Court to have been present in Court when the hearing was had. The petition shows on its face that at the time the same was filed Michael Nagle was then and had theretofore been living temporarily in Miami, Florida, at the home of Mrs. Leslie E. Moore, 2145 N.W. 35th St.

The decree on the petition and testimony taken in support thereof, inter alia, is:

"From the testimony produced at such hearing the court finds that Michael Nagle is 86 years of age and that by reason of his age or sickness or some other cause he has become so mentally or physically defective that he is unable to take care of his person and property, and in consequence thereof, is liable to dissipate or lose said property or to become the victim of designing persons, and that it is for the best interest of the said Michael Nagle that a Guardian be appointed for his person and a curator be appointed for his property.

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that C. W. Garner be and he is hereby appointed as curator for the property of Michael Nagle, such appointment to become effective upon his taking the oath as required by law and entering into a bond to be approved by Clerk of court in the sum of $500.00 Bond without surety by consent of counsel.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said C. W. Garner as curator for the property of Michael Nagle, is hereby authorized and directed to provide an allowance of $30.00 per week for the support and maintenance of said Michael Nagle, said allowance to be paid out of the funds belonging to the Estate of Michael Nagle which may into the hands of said curator."

There is no showing in the record that the provisions of Section 746.02 were complied with by giving notice of the hearing "to some one or more members of his or her family residing within the jurisdiction in the same manner as service in chancery," or was otherwise given to such person or persons.

Section 746.06 Fla. Statutes 1941, (same FSA) provides:

"746.06. Effect of Decree—From and after the rendition of the decree the person against whom the same is entered shall be wholly incapable of making any contract or gift whatever, or any instrument in writing, and the entry of such decree shall be notice of such incapacity, and such person shall be a ward of the court appointing such curator."

Of course, this section only applies to decrees which are valid and cannot apply to a decree which is invalid because of lack of jurisdiction of the court to enter the same.

In the case of In re Raughley, 155 Fla. 723, 21 So. (2nd) 212, and in which opinion was filed on March 13th, 1945, we said:

"Where original petition in proceedings for appointment of curator and guardian was filed by relative who resided in county outside of judicial circuit of circuit court in which petition was filed, circuit court was without jurisdiction to enter any order except an order denying the petition. F.S.A. 746.01 et seq."

In this case, now under consideration, not only did the petitioners reside outside the judicial circuit in which the petition was filed but they resided beyond the jurisdiction of the State of Florida and it also appears that the provisions of Sec. 746.02, supra, were not complied with so as to give the Circuit Court jurisdiction of the person against whom the petition was filed.

So it is that Sec. 746.06, supra, cannot be invoked in this case.  Therefore, the judgment affirming the judgment of the probate court by the Circuit Court from which this appeal is taken must be reversed with directions that that court enter an order reversing the judgment of the probate court.