PER CURIAM.
Appellants Hunter, who were defendants below, seek reversal of a final decree which set aside a deed executed by appellee Cran-dall.
Ethel L. Crandall is the mother of appellant Edna Hunter. On May 23, 1954, Mrs. Crandall executed a deed conveying certain property to Mrs. Hunter. The complaint alleges that the consideration for the deed was the promise of the daughter that she would support her mother for the remainder of her life. It was alleged that the promise was fraudulently made and the daughter had no intention of fulfilling it. Subsequently, On February 10, 1955, Mrs. Crandall conveyed the same property to an *490 other daughter, appellee Cassie Moore, in consideration of a similar promise. Mrs. Moore instituted this proceeding to set aside the prior conveyance to her sister, Mrs. Hunter.
The Chancellor heard the testimony and concluded that the promise by Mrs. Hunter was fraudulently made in order to induce Mrs. Crandall to execute the deed. It was concluded that there had been a total failure of consideration and that the conveyance to Mrs. Hunter should be set aside.
It would serve no useful purpose to detail the evidence presented to the Chancellor. Although there were conflicts in the testimony, it is apparent from the record that there was adequate evidentiary support for the final decree setting aside the conveyance.
The question of law to be resolved simply was whether the evidence was sufficient to justify equitable relief on the ground that the grantee, Mrs. Hunter, obtained the conveyance by means of a promise to provide for the grantor, Mrs. Cran-dall, but with no intention of fulfilling the promise. Collins v. McKelvain, 138 Fla. 463, 189 So. 655; Cook v. Adams, Fla.1956, 89 So.2d 6. On the other hand, if the evidence merely reflected a “change of mind” on the part of the mother, absent any fraudulent conduct of the daughter, then the equitable relief against the conveyance would not be justified. Marguette v. Hathaway, Fla.1954, 76 So.2d 648. As pointed out above, the evidence presented to the Chancellor meets the requirements of Collins v. McKelvain, supra, and supports his decree accordingly.
Another aspect of the case is the fact that Mrs. Hunter asserted in defense that her mother had executed the conveyance as a gift without the accompanying promise on her part to provide a home. In asserting this defense Mrs. Hunter assumed the burden of proving each element essential to the validity of a gift. Under the circumstances, she would carry the burden of establishing the fairness and reasonableness of the gift, as well as the absence of fraud and undue influence. 15 Fla.Jur., Gifts, Section 36, page 217. The record on this point sustains the conclusion that the grantee failed to carry this burden.
On either aspect of the case, therefore, the Chancellor was justified in the conclusion that the conveyance should be set aside. The decree to this effect is therefore affirmed.
ALLEN, C. J., SHANNON, J., and THORNAL, CAMPBELL, Associate Judge, concur.