ALLEN, Judge.
The defendant appeals a final decree that cancelled and set aside a warranty deed to a farm and a bill of sale for animals, upon the ground that the defendant failed to establish that the transfers were free from undue influence. The chancellor also held that there was no valid inter vivos gift of the subject properties.
The amended complaint, filed by the heirs, of William Harmon Johnson, deceased, alleged that the warranty deed and the bill of sale, dated January 31, 1963, which transferred decedent’s farm and all horses, and cattle to the defendant, were null and void by reason of: (1) exercise of undue influence by defendant over the decedent; (2) lack of mental capacity by the decedent; and (3) lack of consideration for the transfer. The defendant denied all material allegations to the complaint.
At the hearing, it was established that a fiduciary relationship existed between the decedent and the defendant by reason of a power of attorney given by the former to the latter while the aged decedent was recovering from an injury. In order to establish plaintiff’s prima facie case, the defendant was called as an adverse witness to testify as to the facts surrounding the power of attorney.
The facts are in dispute. The 76 year old decedent owned an Orlando farm on which he raised quarter horses. The land is valued in excess of $100,000. The decedent lived in the barn without modern conveniences for more than thirty years. In July, 1962, he was robbed and beaten and a neighbor, the defendant, took him in and cared for him and his livestock. This arrangement continued until appproxi-mately March, 1963, at which time the decedent moved back on his property. On March 27, 1963, he died of a heart attack. There was no will.
*603 The plaintiff shows that the defendant hnew of the decedent’s income and affairs; that decedent always transacted business in cash; that defendant collected decedent’s rents and paid his bills; that defendant testified that she was the decedent’s constant friend and advisor; and that the decedent had agreed to convey part of the subject land to one Calvin Harrison. The •defendant recorded the disputed Warranty Deed, Bill of Sale and Power of Attorney immediately upon learning of Johnson’s ■death. She attempted to gain entrance to Johnson’s safety deposit box and cashed a check made out to Johnson, which was in his possession at the time of his death.
The circuit judge, in the final decree entered herein, held:
“1. That at the time of the execution of the deed, bill of sale and power of attorney by William Harmon Johnson, now deceased, on January 31, 1963, there was a fiduciary relationship existing between the decedent and Carrie W. Earls.
“2. The evidence is clear and unequivocal that notwithstanding the execution of the bill of sale by the decedent on January 31, 1963, Carrie W. Earls never exercised any right of ownership in the race horses while the decedent was alive.
“3. The evidence fails to establish the prerequisites of a gift inter vivos of the animals. The bill of sale has no legal standing and should be cancelled and held for naught.
“4. That the Defendant has failed to establish by clear and convincing evidence that the gift of the remainder interest in William Harmon Johnson’s land, as evidenced by the deed, was free from the taint of undue influence.”
In 11 Fla.Jur., Duress and Undue Influence § IS, it is stated:
“It is well established that the existence of a fiduciary or confidential relationship between the parties to a transaction creates a presumption of undue influence, which imposes upon the one receiving the benefit the burden of rebutting the presumption by showing that the transaction was bona fide. * * * Courts of equity have carefully refrained from defining the particular instances of confidential or fiduciary relationships in such a manner that other and perhaps new cases might be excluded. It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relationship as a fact exists in which confidence is reposed on one side and there is resulting superiority and influence on the other, and the relationship and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal. The term ‘fiduciary or confidential relation’ is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused —in which confidence has been reposed and betrayed. The origin of the confidence is immaterial. The rule embraces both technical fiduciary relationships and those informal relationships which exist whenever one man trusts in and relies upon another *
In Wilkins v. Wilkins, 1939, 141 Fla. 188, 192 So. 791, the Florida Supreme Court quoted the following language from Section 498, Restatement of the Law, Contracts :
“ ‘Where a beneficiary enters into a transaction with his fiduciary relating to matters within the scope of the fiduciary relation, the transaction is voidable, unless
“‘(a) it is fair and reasonable, and
“ ‘(b) is assented to by all parties beneficially interested, with *604 knowledge of their legal rights and of all relevant fact, that the fiduciary knows or should know, and
“ ‘(c) these parties are of competent age and understanding and are not subjected to undue influence.’ ”
In the case of Hunter v. Moore, Fla.App. 1961, 131 So.2d 489, in an action to set aside a deed executed by a grantor to her daughter, this court stated:
“Another aspect of the case is the fact that Mrs. Hunter asserted in defense that her mother had executed the conveyance as a gift without the accompanying promise on her part to provide a home. In asserting this defense Mrs. Hunter assumed the burden of proving each element essential to the validity of a gift. Under the circumstances, she would carry the burden of establishing the fairness and reasonableness of the gift, as well as the absence of fraud and undue influence. 15 Fla.Jur., Gifts, Section 36, page 217. The record on this point sustains the conclusion that the grantee failed to carry this burden.”
We have read the briefs, appendices, and the complete testimony of some 475 pages adduced before the able judge who personally heard the testimony. The responsibility in the first instance to make a determination of fact devolves upon the trial judge and, in the absence of a showing that his findings were not supported by competent, substantial evidence, they will not be disturbed on appeal. In Re Thompson’s Estate, Fla.1955, 84 So.2d 911. We find that his conclusions of law were correct and that there was sufficient evidence in the record for him to conclude that the defendant failed to establish by clear and convincing evidence that the deed in question was free from the taint of undue influence.
Finding no reversible error in the record, we affirm.
SMITH, C. J., and ANDREWS, J., concur.