CHARLES CARROLL, Chief Judge.
This is an appeal by the plaintiffs below from an order granting a motion of the defendants to dismiss, and dismissing an amended complaint with prejudice.
The initial complaint was by the daughter of Irving Berger, deceased. In short substance she alleged that Berger’s considerable estate consisting of personal property had been transferred to the defendant Helen Berger, his widow, by the decedent within the last year of his lifetime under circumstances of fraud and undue influence; that the defendant Dr. Hyman Turken, the executor of the estate, had refused to bring action against the widow to set aside such transfers; and the plaintiff then sought that relief. The court granted defendants’ motion to dismiss, and allowed the filing of an amended complaint.
Thereafter the county judge appointed Gerald Schwartz as administrator ad litem of the estate of the said Irving Berger, deceased, and Schwartz joined with the original plaintiff Ziering in the amended complaint, filed with leave of court. The amended complaint alleged that the executor Turken had been requested to bring the action; that he had refused to do so; had joined with the defendant widow in resisting the action; and “that the said defendant Dr. Hyman Turken (the executor), has conspired and colluded with the said Helen Berger” to resist the effort to bring into the estate assets rightfully belonging to it. The order granting a subsequent motion to *682 dismiss, and dismissing the amended complaint gave rise to this appeal.
In our view the amended complaint stated a cause of action which was properly maintainable by an heir or distributee and by an administrator ad litem appointed by the probate court, where, as here, it was alleged that the executor had refused to bring the action and was in collusion with the party against whom it was to be brought. See 31 Am.Jur.2d, Executors and Administrators, § 791; 34 C.J.S. Executors and Administrators § 738b and § 1040, pp. 1309-1310.
For the reasons stated the order of dismissal is reversed and the cause is remanded for further proceedings.