James W. KASTNER, Plaintiff,

v.

Harry D. HELM and Darlene Helm, Defendants.

No. 76–20 Civ–Oc.

United States District Court, M. D. Florida, Ocala Division.

Jan. 25, 1977.

Robert L. Sader, Orlando, Fla., for plaintiff.

Merritt C. Fore, Jr., Ocala, Fla., for defendants.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

Plaintiff in this diversity action is a citizen of Pennsylvania; defendants are citizens of Florida. Plaintiff is an heir at law and a beneficiary under the will of a decedent who was his uncle. Defendants are son and daughter-in-law of an heir at law of the decedent, the son being personal representative of the decedent's estate. During a 22 month period prior to the decedent's death, he lived with defendants, and the relationship between them was apparently a confidential, fiduciary one, with respect to the decedent's personal financial affairs. Approximately 19 months before his death the decedent made an inter vivos gift to defendants of $288,000.00. Plaintiff brings this action to set aside the donative transfer of money, as void, alleging (1) that the donor-decedent lacked legal capacity to form the essential donative intent for an inter vivos gift, and (2) that the donative transfer was induced through undue influence by defendants.

Defendants have moved to dismiss the action on the ground that plaintiff lacks standing under Florida law to bring it. Defendants contend that Florida law requires the appointment of an administrator ad litem to bring actions such as this one where (1) potential assets of the estate are at stake, and (2) the interests of the estate's personal representative are adverse to the claims of the action. Indisputably, that was the law under former Fla.Stat. Section 732.55.[1] *In Re Estate of Verdier*, 281 So.2d 543 (2d D.C.A.Fla.1973), cert. den. 287 So.2d 97 (Fla.1973); *Ziering v. Berger*, 209 So.2d 681 (3d D.C.A.Fla.1968); *In re Estate of Herlan*, 209 So.2d 225, 226–27 (Fla.1968), *Edmonson v. Frank J. Rooney, Inc.*, 171 So.2d 566 (3d D.C.A.Fla.1965). That statute, however, has been revised by the new Florida Probate Code, and is now Fla.Stat.

1. Fla.Stat. § 732.55 provided:

Whenever, in any proceeding before the circuit court, it is necessary that the estate of a deceased person be represented and when there is no personal representative of such estate or when the personal representative is interested adversely to said estate or in such proceeding is enforcing his own debt or claim against the estate, the court in which the proceeding is pending shall appoint an administrator ad litem without bond for that particular proceeding. Whenever the facts authorizing such appointment appear of record or are otherwise made known to the court, the court shall without notice appoint such administrator ad litem. The administrator ad litem shall, upon appointment, make and file an oath to discharge his duties faithfully, and said proceeding shall then be further maintained, faithfully, and said proceeding shall then be further maintained, prosecuted or defended, insofar as said estate is concerned, by said administrator ad litem and in his name as such.

Section 733.308,[2] which requires the appointment of an administrator ad litem (1) when it is necessary that the interests of the estate be represented, and (2) when there is no personal representative of the estate. Clearly, this change in the statute no longer requires the appointment of an administrator ad litem in cases where the personal representative of a decedent's estate is adverse to claims asserted in litigation that would affect the estate.

Nevertheless, Florida law continues to contemplate an administrator ad litem in such cases. Florida Probate Rule 5.120(a)[3], promulgated to implement the new Florida Probate Code, while not requiring it, provides for the appointment of an administrator ad litem in cases (1) "when it is necessary that the estate of a decedent or a ward be represented in any proceeding . . ." and (2) "the personal representative . . . may be interested adversely to the estate . . ." At this point, the illusory distinction between substance and procedure vanishes. It is clear that Fla.Stat. Section 733.-308, together with Florida Probation Rule 5.120, provide the right of a court to appoint an administrator ad litem, and of a beneficiary to seek such an appointment, in cases like this one. *See* Fenn & Koren, *The 1974 Fla.Probate Code—A Marriage of Convenience*, 27 U.Fla.L.Rev. 615, 651 and n. 652 (Spring 1975).

There is no question that interests affecting the assets of the decedent's estate are involved in this case. Under Florida law, a prior confidential relationship between a donor and donee raises a prima facie question covering the voidness of an inter vivos gift because of undue influence. *Wilkins v. Wilkins*, 141 Fla. 188, 192 So. 791 (1940). If plaintiff should prevail in having the inter vivos transfer of money from the decedent to defendants set aside as void, those funds would become assets of the decedent's estate, subject to the dispositive provisions of his will. Obviously, then, there is a compelling necessity that the interests of the decedent's estate be represented concerning the money at stake in this controversy. Equally obvious is it that the interests of defendant as heir of the decedent, inter vivos donee, and personal representative of the decedent's estate, are diametrically adverse to the interest of the estate that are raised by plaintiff's claims of a void, donative transfer of funds. Hence, the Court holds that, under these circumstances, Florida law provides for, and contemplates, the petition for, and appointment of an administrator ad litem to prevent such claims; and that, as a result, plaintiff is not the proper party with standing to present these claims. Accordingly, the motion to dismiss will be granted and this action dismissed without prejudice to any administrator ad litem for the decedent's estate to recommence the action. It is now, therefore

ORDERED:

1. Defendants' motion to dismiss for lack of standing to bring this action is hereby granted.

2. This action is hereby dismissed without prejudice to an administrator ad litem for Frank J. Kastner's estate to recommence the action.

---

**2.** Fla.Stat. § 733.308 (Supp.1974) provides:

When it is necessary that an estate be represented and there is no personal representative of the estate the court shall appoint an administrator ad litem without bond for that particular proceeding. The fact that the personal representative is seeking reimbursement for claims against the decedent paid by the personal representative does not require appointment of an administrator ad litem.

**3.** Fla.Probate R. 5.120(a) (Supp.1975) provides in part:

(a) When it is necessary that the estate of a decedent or a ward be represented in any proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing his own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem . . . without bond or notice for that particular proceeding.