PEARSON, Judge.
This is an appeal from a final judgment where a mother sought to cancel a deed she had given to her son. The court found: “That the Defendant did agree to provide for the support of the Plaintiff during her lifetime as a part of the consideration for such conveyance . . . ” However, the trial court denied the prayer for rescission and instead entered a judgment that the son should pay a specified amount to his mother each month as support. Each party is dissatisfied; the mother has appealed and the son has cross-appealed. We reverse and remand for the entry of a judgment upon the issues presented by the pleadings.
We agree entirely with the trial judge’s finding: “That this cause involved the unfortunate situation where ill feelings have arisen between mother and son due to a strained relationship between the Plaintiff-mother and her daughter-in-law.” We add that this is one of those personal relationship difficulties which the legal process cannot solve for the parties and that, therefore, the courts must follow the law provided rather than to impose a solution that wisdom seems to suggest.
The mother’s complaint sought a rescission of the conveyance of a piece of business property upon which the son is conducting an appliance sale and repair business. She did not seek a judgment for support and no amendment of the pleadings was requested. The son defended upon the theory that the property was a part of a business in which he, the mother and the deceased father had worked as partners. The title to the real property was held as an estate by the entirety by the mother and the deceased father. The extent of the son’s contribution, if any, to the purchase or maintenance of the real property is not found by the court.[1]
The circuit court judgment is to some extent conflicting in that: (1) It finds an agreement to support is “a part . consideration” for the conveyance but fails to find any other consideration and we are at a loss to find evidence of any other consideration in the record. (2) It denies the relief prayed for but finds that the equities are with the plaintiff and grants relief which neither party sought. In Bear v. Standard Acc. Ins. Co., 124 Fla. 9,168 So. 18, 23 (1936), the Supreme Court of Florida had before it a chancery decree in which the chancellor had not decided the issue presented by the pleadings. In reversing for further proceedings, the court held:
“Where the rulings and decree of a chancellor indicate that a final decree was probably arrived at, in substantial part, upon considerations and issues not properly a part of the controversy required to be decided, the final decree will be reversed without prejudice, and the cause remanded for a reconsideration by the chancellor in the light of the applicable law as determined by the opinion of the Supreme Court oh its consideration of the appeal wherein such reversal without prejudice is ordered; the costs being *776 taxed in equal proportions against appellants and appellees.”
* * * * * *
We will reverse the judgment and remand the cause to the trial judge for him to determine whether there has been a failure of consideration for the conveyance and for a determination of the interest, if any, of the son in the real property.
Thereupon, the final judgment appealed is reversed without prejudice and the cause remanded to the trial court to take further testimony should he deem it necessary and to enter a final judgment based upon the issues presented by the complaint and answer.
Reversed for appropriate proceedings in conformity with this opinion.

. The trial court’s findings of fact are as follows:
“1. That this cause involved the unfortunate situation where ill feelings have arisen between mother and son due to a strained relationship between the Plaintiff-mother and her daughter-in-law.
“2. That on the 28th day of July, 1972, the mother (Plaintiff herein) conveyed title to the real property, which constitutes the subject matter of this litigation, to her son (Defendant herein) through her attorney, Sylvester P. Adair.
“3. That the Plaintiffs attorney prepared the instruments of conveyance pursuant to instructions received from the Plaintiff and, as a result thereof, said property was conveyed to the Plaintiff and the Defendant as joint tenants.
“4. That there was fair and proper consideration for such conveyance.
“5. That the Defendant did agree to provide for the support of the Plaintiff during her lifetime as a part of the consideration for such conveyance and has done so since the date of said conveyance, but perhaps not to the extent contemplated by the Plaintiff nor to a proper degree.” * * *