PER CURIAM.
This appeal warrants a brief prefatory statement, as it is the second appearance of the cause before this court.[1] In the original action the plaintiff/appellant, mother of the appellee, had sought to cancel a deed to land in Dade County[2] which she had given her son; the subject deed had ostensibly created a joint tenancy with the right of survivorship. The trial court denied the prayer for rescission and instead entered a judgment that the son should pay a specified amount to his mother each month as support. Since each party was dissatisfied, the mother appealed and the son cross-appealed.[3] This court reversed and remanded with directions to the trial court to determine whether there had been a failure of consideration for the conveyance and to determine the interest, if any, of the son in the real property. In reversing, this court did so without prejudice and with the right of the trial court to take further testimony if it deemed it necessary, and to enter a final judgment based upon the issues presented by the complaint and answer. Upon the receipt of the mandate, the trial court entered an order setting aside the judgment appealed and the cause was set for the taking of further testimony. Ultimately, the trial court (1) denied the prayer for rescission and (2) modified and reformed the subject deed from a joint tenancy with right of survivorship to a tenancy in common, that is, an undivided one-half interest in each party. The appellant/plaintiff herein asserts error by the trial court contending that it failed to carry out the mandate of this court where it appears from the testimony and evidence adduced that there had been a failure of consideration for the conveyance. Additionally, the appellee cross-appeals and urges this court to reinstate the joint tenancy with right of surviv-orship. We cannot agree with either party’s assertions and we affirm the final judgment.
In the instant final judgment, the trial court made the following findings of fact upon which it based its decision:
“1. That the parties hereto are mother and son who presently hold title to certain real property as joint tenants by virtue of a deed dated July 31, 1972; rescission of which deed is sought herein by the Plaintiff/Mother.
*836 “2. That title to said property was previously held by the Plaintiffs, BEDA C. SUPPLE and JOHN SUPPLE, her husband (now deceased) as tenants by the entireties.
“3. That subsequent to the death of Plaintiff’s husband, JOHN SUPPLE, the Plaintiff herein instructed her attorney' to transfer title from her name to the name of her son and herself, which was accomplished by means of a deed to Plaintiff’s attorney as a conduit and thence the subject deed of conveyance herein sought to be vacated.
“4. That lack of consideration is the basis for Plaintiff’s seeking rescission together with fraud in the procurement of said conveyance by the making of unfulfilled promises by Defendant to support Plaintiff.
“5. That Plaintiff, her husband (now deceased) and Defendant/Son worked together in a family owned appliance repair business which increased in size through the joint efforts of all three members; the ultimate planning being to occupy the subject premises by the repair and retail business.
“6. That the Defendant/Son undertook to complete the building which was abandoned by the contractor and assumed a leading role in doing so upon the death of his father, and the family business subsequently occupied the premises.
“7. That natural love and affection existed between Plaintiff and Defendant at the time of the conveyance herein sought to be rescinded, and it is clear to this Court that this was as much a consideration for said conveyance as any promise by Defendant to support Plaintiff and that only because of subsequent ill-feelings between Plaintiff and her daughter-in-law (Defendant’s wife) was there a dissatisfaction on the part of Plaintiff with the conveyance.
“8. That plaintiff’s real intention was to convey an undivided one-half interest in the subject property to Defendant/Son as expressed by Plaintiff in response to a question by the Court.
“9. That all mortgage payments were made by the Plaintiff from monies earned by the parties’ joint business efforts.”
The record does indeed support the trial court’s findings and ultimate decision. Extensive testimony was elicited from all persons involved in this unfortunate family dispute, and the results reached by the lower tribunal are consistent with the prior mandate of this court, the expressed intentions of the parties and the principles of law and equity applicable to the facts. See, Rennolds v. Rennolds, 312 So.2d 538 (Fla. 2d DCA 1975), (rescission based on fraud, accident or mistake only), and Section 689.15, Florida Statutes (1941). In the case sub judice rescission is unwarranted, love and affection was valid consideration for the conveyance from mother to son, and the appellee clearly has provided for and continues to provide a source of support for appellant from the corporate income.
Affirmed.

. See, 347 So.2d 774 (Fla. 3d DCA 1977).

. The deed was to land upon which the family appliance sale and repair business is conducted by the appellee-son.

.Case number 76-1293.