**In re John PITTS d/b/a Olympic Delivery Service, Debtor.**

**Mary V. PITTS, Plaintiff,**

v.

**John PITTS d/b/a Olympic Delivery Service, Defendant.**

**Bankruptcy No. 88–04431–BKC–TCB. Adv. No. 89–0033–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

May 10, 1989.

---

David M. Goldstein, North Miami, Fla., for plaintiff.

Bruce W. Parrish, Jr., P.A., West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The debtor's mother, a creditor, seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) and (B) and judgment for treble damages under *Fla.Stat.* §§ 812 and 772.68[sic] for a claim in the amount of $65,000. The debtor has answered and the matter was tried on March 21. I now conclude that the claim is nondischargeable in the amount of $60,000, to account for payments made by the debtor in reduction of the note balance. Count II under *Fla. Stat.* § 812 is unsupported by the evidence and is dismissed.

The debtor is the oldest of four sons. The mother is a 54–year old widow. She owned a home in Massachusetts which was sold in January 1986 to provide funds to accomplish the "new life" in Florida proposed by the debtor as a solution to long-standing family problems. Sums of $10,-000 and $40,000 were advanced by plaintiff to the debtor in March and April 1986. On November 26, 1986, plaintiff loaned the debtor an additional $7,000. The debtor executed a note (Ex. 5) for $15,000 to include his obligation to repay this loan and additional sums for the mother's salary and her contributions to the delivery service business, for which he believed she should be compensated. The note was intended to provide cash payment determined by the debtor's sense of obligation, although he did not have cash at the time. (CP 9 at pp. 32–33).

The plaintiff claims a loss resulting from the debtor's failure to give her any indicia of ownership in the business and his barring her from the premises since December 22, 1986.

Plaintiff relies on documents prepared by the debtor which he characterizes as "projections." The evidence includes an undated and unsigned document captioned "Inc. Procedure" (Ex. 2) prepared by the debtor, which provides, in part:

"... Primary Share Holder & Treasurer Mary Pitts

Upon review with atty in Miami we will jointly decide to incorp. or not, or arrange an incorporation that will include a 51% interest rate with buyback beginning at a future date, as of now unspecified.

If at this time we jointly reach a decision not to incorporate any more funds allocated by Mary Pitts *will* only be given on an incorporated basis." (Emphasis in original).

The debtor's affirmative defenses are that $50,000 was a gift from plaintiff and that a portion of the monies was in consideration for services he provided. There is insufficient evidence to support either of these defenses. With the exception of evidence that the debtor made regular payments on the $15,000 note to reduce its balance by $5,000, the debtor's oral testimony is in direct contradiction to plaintiff's

deposition testimony (Ex. 9), accepted in lieu of her repeating that testimony at trial. The debtor's testimony is not credible.

The dispute concerns the intent of the debtor in inducing plaintiff to advance money for the purchase of his home in Florida and establishing the delivery service business which has been incorporated without any shares issued in the mother's name.[1] The issue, therefore, is whether the debtor's oral and written representations that induced the mother to advance $65,000 to him constituted "false pretenses, a false representation or actual fraud."

The family confidential relationship is the most crucial factor under these circumstances. This is a situation where a 30–year–old son took over managing the affairs of his widowed mother during a crisis. She was not unsophisticated in business, but was clearly emotionally dependent on her eldest son at the time in question and highly susceptible to his influence. The debtor is, therefore, under a special burden to show the fairness and to account for the use of his mother's funds in accordance with a specific designated purpose. *Wilkins v. Wilkins*, 141 Fla. 188, 192 So. 791 (1940).

The debtor has failed to justify the actions taken by him which induced plaintiff to turn over a substantial proportion of the sale proceeds of her Massachusetts home, her most valuable asset, and resulted in the mother being excluded from obtaining a major share in the corporation later formed by the debtor and his wife. The debtor's representations to his mother, at the outset, were fraudulent as he knowingly and intentionally took advantage of her distraught mental condition to get her property. *In re Creekmore*, 20 B.R. 164, 169 (Bankr.W.D.Okl.1982) (undue influence to obtain mother's property constitutes actual fraud).

So far as this record reflects, the collapse of the arrangements which the debtor induced his mother to rely upon was brought about by his self-interest and misrepresentations at her expense. The debtor admits

that he never intended to make his mother a primary shareholder. (CP 8 at pp. 45 and 53). As a result of the debtor's misconduct, the mother suffered a loss in the amount of $60,000.

As is required by B.R. 9021, a separate judgment will be entered for plaintiff against the debtor in the amount of $60,000 and that claim is excepted from discharge under § 523(a)(2)(A). Since plaintiff has established her right to relief under § 523(a)(2)(A), it is of no consequence that she has failed to do so under the alternatively pled theory § 523(a)(2)(B). The relief seeking damages under *Fla.Stat.* §§ 812 and 772.11 has not been established by the plaintiff. Therefore, Count II is dismissed with prejudice. Costs may be taxed on motion.

DONE and ORDERED.

---

**1.** This also appears to be a family dispute involving great emotional upset and violent behavior. However, resolution of the legal issues is the focus here. *Supple v. Supple*, 347 So.2d 774, 775 (Fla.Dist.Ct.App.1977) (mother seeks cancellation of deed given to son).