WM. H. FREAR & Co., INC., Plaintiff, *v.* FRANK W. BAILEY, Defendant.

City Court of Troy, February 26, 1926.

Judgments — summary judgment — complaint in action for goods, wares and merchandise sold defendant's wife — plaintiff claimed account stated by reason of defendant's retention of monthly statements reciting account — defendant's affidavits on plaintiff's motion for summary judgment alleged plaintiff had notice defendant would not pay for merchandise — defendant entitled to jury trial to determine whether account was stated.

A defendant, to whose wife plaintiff sold and delivered goods, wares and merchandise at a time when plaintiff was living apart from her, is entitled to have a jury determine whether or not plaintiff could recover on an account stated in an action for the purchase price of said merchandise where, on plaintiff's motion for summary judgment, the court cannot say, as a matter of law, that from the papers on the motion defendant has no defense to the action; the defendant should not be deprived of his right to a trial of the issue, particularly where he alleged that prior to the time plaintiff claimed it began mailing monthly statements to him, which the defendant concededly retained, he gave " express " notice to plaintiff that he was not and could not be liable for any indebtedness contracted by his wife.

MOTION for summary judgment.

*Clark Cipperly* [*Edward H. Pattison* of counsel], for the motion.

*Edmund J. Sweeney,* opposed.

KAVANAUGH, J. The plaintiff in its amended complaint has proceeded on two counts, *first,* to recover the reasonable value and agreed price of goods, wares and merchandise alleged to have been sold to the defendant, the actual sales and deliveries of which were made at the order of and to the defendant's wife; the *second* is on an account stated for the same goods, wares and merchandise. Answering the allegations of the amended complaint, the defendant enters a general denial and as an affirmative defense alleges that at the time of the alleged sales and deliveries he was living apart and separate from his wife; that he had made other sufficient and suitable provisions for her maintenance, support and upkeep by supplying her with necessary funds with which to purchase any and all necessaries suitable for her station in life; that prior to the date of the alleged sales and deliveries he gave notice to this plaintiff that " he was not and could not be liable for any debts of his wife," and that said goods, wares and merchandise, if any, were not necessaries.

Plaintiff has now moved for an order striking out the answer of the defendant to the amended complaint and granting summary judgment thereon in favor of the plaintiff for the relief demanded in the complaint under rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act and for such other and further relief as may be proper.

Plaintiff on this motion has submitted voluminous affidavits which set forth in detail the cause of action alleged in the complaint and affidavits are presented in opposition which tend to establish facts substantiating the defense set up in the answer. The plaintiff contends that neither in his answer nor in his opposing affidavits has the defendant presented any proof in contravention of its allegations of an account stated. Plaintiff, by the affidavit of Della Hirschfield, has offered proof that she, as credit manager and head of the credit department of plaintiff, on the 1st days of March, April, May, June, July, August, September, October and November in the year 1925, duly mailed to this defendant statements of account of the goods sold and delivered to his wife upon which this action is predicated, and although such statements were received and retained by the defendant no objection to them was ever made by him. The failure specifically to deny this allegation is claimed by the plaintiff to entitle it to summary judgment under the rule that where a person receives and retains

statements of account for a reasonable period without objection he must be deemed to have assented to their accuracy and an account stated is presumed. Defendant in his opposing affidavit alleges " that he had expressly given notice " to the plaintiff, through its credit manager, Della Hirschfield, on various occasions prior to December 1, 1924, that he was not and could not be liable for any such indebtedness.

" The test of a motion for summary judgment is whether the pleadings, affidavits and exhibits in support of the motion are sufficient to overcome the opposing papers and to justify a finding as a matter of law that there is no defense to the action. In this regard the plaintiff has to sustain the burden of submitting convincing proof by affidavit or otherwise that the answer is sham and that there is no real defense nor any real issue to be determined." (*Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796.)

Assuming that no proof had been offered either in the answer or on the motion to controvert the question of an account stated, I am of the opinion that whether or not an account was stated is a question of fact which must be determined on the trial of the issue. (*Spellman* v. *Muehfeld*, 166 N. Y. 245.) This view would seem to be supported by the statement of Mr. Justice LEHMAN in the case of *Rogan* v. *Consolidated Copper Mines Co.* (117 Misc. 718, 720) in which he says: " I think it is clear, however, that the court has no power to pass upon any issues upon this motion."

It cannot be said as a matter of law that from the papers on this motion the defendant has no defense to this action. If the facts presented by the defendant in his answer and opposing affidavits were testified to in court, the issue would be one of fact and not one of law for the court to determine. Judge HOGAN in the case of *General Inv. Co.* v. *Interborough R. T. Co.* (235 N. Y. 133, 139) clearly states the law that " a defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend. In order that a plaintiff shall succeed on such a motion, it must appear from the moving papers and answering affidavits that the defense or denial interposed is sham or frivolous. If a defendant adduces facts upon the hearing of the application which constitute an apparent defense, he should be allowed to defend," citing English authorities on this point.

The defendant should not be deprived of his rights to a trial of the issues where such a defense is presented as in the instant case.

Plaintiff's motion must, therefore, be denied.