**NEW AMSTERDAM CASUALTY CO. v. PARHAM et al. (No. 1614.)**

Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1928.

Rehearing Denied Feb. 22, 1928.

**1. Evidence ⊱121(3), 271(19)—Letter to insurer from agent's employee, stating that policy was not workmen's compensation, but merely employer's indemnity, policy, held not admissible as res gestæ; being self-serving declaration.**

Letter from employee of insurance agency to insurance company, stating that policy mailed on same day was not a workmen's compensation policy, but only indemnified employer against damages recovered by employees for injuries negligently caused, held not admissible as res gestæ; being in nature of self-serving declaration by agent to principal.

**2. Evidence ⊱271(13)—Agent's unsworn declarations as in letters to principal, are inadmissible on latter's behalf.**

Unsworn declarations of agent, whether orally or in writing, as in letters to principal, are inadmissible on latter's behalf.

**3. Evidence ⊱181(1)—Carbon copy of letter held inadmissible as not best evidence, in absence of showing that original could not be produced.**

Carbon copy of letter from insurance agency's employee to insurance company, stating that policy merely indemnified employer against damages recovered by employees for injuries negligently caused, held inadmissible as not the best evidence of letter's contents, in absence

of showing that original letter could not be produced.

**4. Witnesses ⊱318—Carbon copy of letter held inadmissible to corroborate writer's testimony, in absence of attempt to impeach him.**

Carbon copy of letter from employee of insurance agency to insurance company, stating that policy issued was not a workmen's compensation policy, but merely indemnified employer against damages recovered by employees for injuries negligently caused, held not admissible to corroborate writer's testimony as to detaching compensation rider before delivery of policy, in absence of attempt to impeach him.

**5. Witnesses ⊱318—Mere contradiction of witness is not "impeachment," authorizing admission of otherwise inadmissible corroborative testimony.**

Mere contradiction of witness by other evidence is not an impeachment of his veracity in the legal sense of that term, so as to authorize admission of otherwise inadmissible corroborative testimony.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Impeach—Impeachment.]

**6. Trial ⊱140(1)—Credibility of witnesses contradicting each other is for jury.**

The credibility of all witnesses, who contradict each other in their testimony, is a matter for determination by jury.

**7. Appeal and error ⊱1062(1)—Submission of issues whether employer was Workmen's Compensation Act subscriber and had compensation policy when employee was killed, and whether compensation indorsement was attached to policy when delivered, held not prejudicial to insurer.**

In suit to set aside Industrial Accident Board's refusal to award compensation for employee's death, submission of special issues whether employer was subscriber to Workmen's Compensation Act on day of injury, whether compensation indorsement was attached to policy when delivered, and whether workmen's compensation policy was in force on day of injury, held not prejudicial to insurer as giving undue prominence to contention that compensation rider was attached to policy when delivered.

**8. Master and servant ⊱417(8)—Decree for lump sum payment of compensation for employee's death held not injurious to insurer allowed all proper discounts reducing future payments to present value.**

Where all proper and legal discounts reducing future payments of compensation for employee's death to present value were allowed in decreeing lump sum payment, insurance carrier was not injured by such decree.

**9. Master and servant ⊱417(5)—Evidence held to support jury's finding that workmen's compensation rider was attached to indemnity policy when delivered to employer.**

Evidence held sufficient to support jury's finding that indemnity policy issued to employer had attached to it a workmen's compensa-

---

⊱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion rider under Employers' Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), at time of its delivery to employer.

Appeal from District Court, Jefferson county; Geo. C. O'Brien, Judge.

Action by Mrs. Bessie B. Parham, for herself and as guardian of the estate of Fred Parham and another, minors, to set aside a ruling of the Industrial Accident Board declining to award them compensation against the New Amsterdam Casualty Company for the death of E. T. Parham, an employee of the Sabine Towing Company, Inc. Judgment for plaintiffs, and the Casualty Company appeals. Affirmed.

Orgain & Carroll, of Beaumont, for appellant.

King & Jackson, of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed by Mrs. Bessie B. Parham, surviving widow of E. T. Parham, deceased, for herself and as guardian of the estate of Fred Parham and Clara Parham, surviving minor children of herself and E. T. Parham, to set aside and cancel a final ruling and decision of the Industrial Accident Board of this state refusing and declining to award Mrs. Parham and the surviving minor children before named compensation against appellant, New Amsterdam Casualty Company, for the death of E. T. Parham, under the terms and provisions of the Employers' Liability Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

Appellee Mrs. Parham alleged in her petition, in substance, that E. T. Parham, on February 22, 1925, was an employee of the Sabine Towing Company, Inc., and that the Sabine Towing Company, Inc., was a subscriber under the terms and provisions of the Employers' Liability Act of this state, and that appellant had issued to the Sabine Towing Company, Inc., a policy of compensation insurance which was in full force and effect on February 22, 1925, and that on that date E. T. Parham, as an employee of the Sabine Towing Company, Inc., sustained personal injuries while in the discharge of his duties, which immediately resulted in his death, and that appellant thereby became liable and bound to pay to plaintiff and the minor children above named compensation as provided by the Employers' Liability Act of this state.

Appellant answered by general demurrer and general denial, and specially denied that it had issued to the Sabine Towing Company, Inc., any policy of compensation insurance under the Employers' Liability Act of this state, and that there was no such policy of insurance in existence at the date of the injuries and death of E. T. Parham, as claimed by the plaintiff. Since no question arises

upon the pleadings, no further statement of them is deemed necessary.

The case was tried with a jury, and was submitted upon the following special issues:

"Question 1. Was the Sabine Towing Company, Inc., a subscriber to the Workmen's Compensation Act of the state of Texas on the 22d day of February, 1925?" To this question the jury answered: "Yes."

"Question 2. Was there a Texas standard form workmen's compensation indorsement, as set out in plaintiff's petition, attached to policy No. 213207, issued by defendant New Amsterdam Casualty Company on October 21, 1924, to Sabine Towing Company, Inc., at the time of its issuance and delivery to said Sabine Towing Co.?" To this question the jury answered: "Yes."

"Question 3. Did the defendant, New Amsterdam Casualty Company, have a policy of insurance in force on the 22d day of February, 1925, covering injuries to employees of the Sabine Towing Company, Inc., under the Texas Workmen's Compensation Act?" To this question the jury answered: "Yes."

"Question 4. Would a failure of the defendant New Amsterdam Casualty Company to make a lump settlement with plaintiffs of the compensation due them, if any, on account of the death of E. T. Parham, deceased, work manifest hardship and injustice to said plaintiffs?" To this question the jury answered: "Yes."

Upon motion therefor, judgment was entered, upon the jury's verdict in favor of Mrs. Bessie B. Parham against appellant for $2,229.73, and in favor of the minor Fred Parham for $1,114.86, and in favor of the minor Clara Parham for $1,114.86, with the further provision that the whole amount of the judgment bear interest at the rate of 6 per cent. per annum from the date thereof, and that the same be paid in a lump sum.

Its motion for new trial having been overruled, appellant, New Amsterdam Casualty Company, has duly prosecuted an appeal to this court, challenging the correctness of the trial court's judgment on several grounds. These are, in substance, that the trial court committed error in refusing to admit certain evidence offered by appellant, and in the manner and form in which the special issues were submitted to the jury, and in awarding judgment to the plaintiffs in a lump sum. These contentions will be disposed of in their order.

It was appellee's contention in her pleading and by her evidence that on October 21, 1924, appellant issued to the Sabine Towing Company, Inc., a policy of compensation insurance, which was in effect at the time the deceased, E. T. Parham, sustained the injuries which resulted in his death, and that he was covered as an employee of the Sabine Towing Company, Inc., by such policy. This was the only issue of fact about which there was any dispute upon the trial; all other essential elements for recovery by the plaintiff having been agreed to.

On October 21, 1924, Cravens, Dargan & Co., general insurance agents doing business in the city of Houston, Tex., and representing many different insurance companies, carrying different lines of insurance, were the representatives of appellant, New Amsterdam Casualty ·Company, and were authorized by appellant to issue compensation insurance for it under the terms and provisions of the Employers' Liability Act of this state, and on that date a policy of insurance was issued and delivered by Cravens, Dargan & Co., for appellant, to the Sabine Towing Company, Inc. The only issue of fact is as to whether this policy had attached to it or indorsed upon it what is called a compensation rider or compensation indorsement, at the time it was delivered to the Sabine Towing Company, Inc. It was the contention, as we have stated, by appellee that this policy of insurance did have attached to it, at the time of its delivery to the Sabine Towing Company, Inc., a rider or compensation indorsement, in compliance with the Employers' Liability Act of this state, while, on the contrary, it was appellant's contention that, at the time this policy was delivered to the Sabine Towing Company, it did not have attached to it or indorsed upon it a compensation rider under the Employers' Liability Act of this state, but that it was only a policy of insurance indemnifying the Sabine Towing Company, Inc., against liability to certain employees for injuries caused by negligence on the part of the Sabine Towing Company, Inc.

We shall not undertake· to state the evidence in detail bearing upon this issue. It will suffice to say that appellee proved by two witnesses that, at the time this policy of insurance was delivered to the Sabine Towing Company, Inc., it did have attached to it or indorsed upon it a compensation rider in full compliance with the Employers' Liability Act of this state. · Both of these witnesses swore positively· that they saw the compensation rider attached to the policy at the time of its delivery, and also that they saw the rider still attached to the policy shortly after the death of E. T. Parham, but that in some manner the compensation rider had become detached from the policy, and was lost and could not be found. The policy itself was offered in evidence, and it appeared that at that time there was no compensation rider attached to it, but that the compensation rider that is usually attached to compensation policies had been at some time prior to the trial detached. A witness for appellant, a Mr. W. H. Martin, testified, in substance, that, at the time the policy was issued to the Sabine Towing Company, Inc., he was in the employment of Cravens, Dargan & Co., in the city of Houston, and had charge of that company's business pertaining to the issuance of compensation policies under the Employers'' Liability Act of this state, and that he had as an assistant in his office a lady who prepared the policy in question, and that in doing so she left the compensation rider on the policy in question, but that, when the lady brought the policy to him to be countersigned, as it was his duty to do, he discovered the compensation rider on the policy, and detached it, and that, when the policy was issued and delivered to the Sabine Towing Company, Inc., it did not have attached to it the compensation rider or indorsement as claimed by the appellee. Mr. Martin testified emphatically that it was not the intention of Cravens, Dargan & Co., as agents for appellant, to issue to the Sabine Towing Company, Inc., this policy as a compensation policy, but'only as a policy indemnifying the Sabine Towing Company against liability for injuries to its employees caused by its negligence.

Among other things, appellant offered to prove by Mr. Martin, while a witness on the stand, that on the same day that the policy in question was mailed out to the Sabine Towing Company at Port Arthur, Tex., from Houston, he (the witness), as was his duty, wrote a letter to appellant, New Amsterdam Casualty Company, at its home office in Baltimore, Md., in which he stated, in substance, that the policy in question was not a compensation policy, but was only a policy indemnifying the Sabine Towing Company against damages that might be recovered by its employees for injuries negligently caused, and in this connection appellant offered to introduce a carbon copy of this claimed letter. Counsel for appellee objected to the admission in evidence of the carbon copy of this letter on the ground that the same was self-serving and hearsay, and on the further ground that, if the letter would be admissible at all, the original, and not a carbon copy thereof, would be the best evidence of the contents of the letter. These objections were sustained by the trial judge, and appellant was not permitted to introduce in evidence the carbon copy of this claimed letter, and saved a proper bill of exceptions to the trial court's ruling in this connection.

It is appellant's contention that the carbon copy of the above-mentioned letter was admissible in its behalf, first, as a part of the res gestæ, and, second, as a circumstance to corroborate its witness Martin, who had testified that the policy in question was not a compensation policy, for that he had purposely detached the compensation rider before its issuance and delivery thereof to the Sabine Towing Company, and that, being res gestæ, it was immaterial whether the copy of the letter was self-serving or hearsay or not.

[1, 2] We think the trial court was correct in refusing to permit appellant to introduce in evidence the carbon copy of the letter as it offered to do. In the first place, we do

not believe that the original letter itself, if written by Martin to appellant, would be admissible as res gestæ, as contended by appellant, but, on the contrary, that the same would be in the nature of a self-serving declaration made by an agent to his principal, and therefore prohibited by the rule against such declarations. The general rule is laid down by Corpus Juris, p. 228 et seq., as follows:

"The unsworn declarations of an agent are not admissible on behalf of the principal even though the agent is dead. Accordingly, the favorable unsworn statements of one codefendant or copartner for the other, or of a guardian for his ward, a principal for his surety, or a husband or a wife, for his or her spouse, are rejected. The rule is the same whether the statements of the agent are oral or in writing, and hence letters written by an attorney or agent to his principal or to another person on behalf of his principal are excluded where the statements therein are favorable to the principal."

[3] Here we have an agent of appellant who had issued and delivered to the Sabine Towing Company a policy of insurance, the character of which is the matter in controversy in this suit, and, in keeping with its custom and course of business in the Houston office, appellant's agent wrote a letter to it, according to its contention, in which the agent stated that the policy which had been issued on behalf of appellant was one which only required it to indemnify the Sabine Towing Company against claims for damages negligently caused by it to its employees, and that it carried no liability against appellant under the terms of the Employers' Liability Act of this state. This was clearly a self-serving declaration or statement by the agent Martin to his principal, appellant, after the policy in question had been issued and mailed to the Sabine Towing Company; in other words, after the transaction of issuing and delivering the policy had been completed. We repeat that the original letter itself would not, in our opinion, have been admissible as a part of the res gestæ of the transaction of issuing the policy in question, and we do not believe that any of the numerous authorities cited by appellant in support of its contention in this connection sustained that contention. But, if we be mistaken in the view that the original letter written by Martin to appellant, as claimed, would have been admissible as a part of the res gestæ of the transaction of issuing this policy, still we would hold that the original letter itself would be the best evidence of its contents, and that a carbon copy of it would not be admissible, in the absence of a showing that the original letter could not be produced. There was no explanation by appellant on the trial below as to why this claimed original letter could not be produced. It merely offered in evidence, without explanation, this unsigned carbon copy of a claimed letter, and its able counsel in their brief refer to this carbon copy as a duplicate original. It was in no sense a duplicate original.

[4-6] It is further our opinion that the carbon copy of the letter which appellant claims it ought to have been permitted to introduce was not admissible as a circumstance to corroborate its witness Martin. We fail to find in this record any sort of attempt on the part of appellee to impeach the witness Martin. It is true his evidence as to whether or not the policy in question had attached to it a compensation rider at the time of its delivery was directly contradicted by evidence offered by appellee, but mere contradiction of a witness is not an impeachment of his veracity, in the legal sense of that term. The credibility of all witnesses who contradict each other in their testimony is a matter for the determination of the jury, and we know of no rule under which appellant was authorized to corroborate its witness Martin in this case by introducing the carbon copy of the letter, as it offered to do, in the absence of an effort on the part of appellee to impeach him. We therefore overrule appellant's contention that the trial court was in error in refusing to admit in evidence the carbon copy of the letter above mentioned.

[7] We have already shown above the special issues that were submitted to the jury. Now it is appellant's contention that the manner and form in which the special issues Nos. 1, 2, and 3 were submitted was prejudicial to it, for the reason that the manner of the submission of these issues gave undue prominence to appellee's theory and contention that the policy in question had attached to it a compensation rider at the time of its issuance and delivery to the Sabine Towing Company. We overrule this contention, because we fail to see wherein the manner in which these three questions were submitted could reasonably be held to be prejudicial to appellant. It is true that it was unnecessary to submit all three of these special issues, and the submission of the second special issue would have been entirely sufficient in this controversy, as that issue submitted clearly and pointedly the only controverted fact in this case. Special issues Nos. 1 and 3 were more in the nature of questions of law, but there is nothing in this record to reasonably indicate that their submission was calculated to prejudice appellant, and we overrule appellant's contention that the manner in which these issues were submitted to the jury was prejudicial to it.

[8] Appellant contends that the judgment in favor of appellee for a lump sum was erroneous, contending that there was no reason shown for such allowance in this case. It appears from the record that all proper

and legal discounts reducing future · payments to a present value were properly allowed in decreeing the lump sum payment, and therefore no possible injury could result to · appellant in requiring it to pay the compensation due by it in a lump sum. Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143; Texas Employers' Insurance Association v. Wright (Tex. Civ. App.) 297 S. W. 764.

[9] Appellant further contends that the jury's finding to the effect that the policy in question had attached to it a compensation rider under the Employers' Liability Act of this state at the time of its delivery to the Sabine Towing Company is unsupported by the evidence adduced upon that issue. We have already shown that two witnesses for appellee. swore positively that such a compensation rider was attached to the policy at the time of its delivery, and that these witnesses saw the compensation rider on the policy after the death of E. T. Parham, and that it had become detached in some manner unknown. Such being the state of the evidence, it is not the province of this court to say that the jury's finding on this point is without support in the evidence.

These conclusions result in an affirmance of the judgment, and such has been our order.