HAROLD R. JONES, Appellant, *vs.* FLORENCE E. JONES *et al.*, Appellees.

*Opinion filed September 21, 1950.*

BLACK & BEERMAN, of Chicago, (BENJ. H. BLACK, of counsel,) for appellant.

RAY E. LANE, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Lucy E. Jones, the testatrix, died August 26, 1946, leaving a last will and testament executed July 15, 1945, attested by two witnesses, as required by law. This will devised all of her property, real estate and personal, to the appellees, Florence E. Jones and Alice E. Jones, daughters, and excluded the appellant, Harold R. Jones, a son. The will was duly admitted to probate, and later this proceeding,—a contest of the will,—was filed in the circuit court of Cook County.

Several grounds of contest were alleged in the original complaint, but finally the cause was tried upon one issue, *viz.,* the allegation that the signature of Lucy Eloise Jones, attached to the will, was a forgery, and not her own genuine signature. Upon this issue the case was tried by the court without a jury, and after the conclusion of the evidence

the court found the issues in favor of the appellees, upheld the will, and held the signature attached thereto was the genuine signature of Lucy Eloise Jones. The appeal comes directly to this court.

The evidence in the case is brief and the issues simple, *viz.*, was the signature attached to the will the genuine signature of Lucy Eloise Jones, or was it a forged signature?

The appellant, contestant, produced two expert witnesses, who, after reciting their high qualifications, gave it as their opinion that the signature attached to the will was not the genuine signature of Lucy Eloise Jones but was a forgery. This opinion is based upon a comparison with a number of admittedly genuine signatures relating as far back as 1932, and as recent as 1945.

The testimony upon the part of the appellees consists of that of the two attesting witnesses, who saw the testatrix sign the will in question and acknowledge in their presence that it was her last will, supported by the testimony of a bank cashier, at which bank the deceased carried her account, who gave it as his unqualified opinion that if he had received a check with the contested signature attached to it he would undoubtedly have recognized it as genuine, and would have paid the check.

At the outset two facts must be brought to the front: The first is that the statute of Illinois requires a will of a testator or testatrix to be signed in the presence of two attesting witnesses, who must see the will signed and have it acknowledged as the last will and testament, and that such witnesses must attest the same as such witnesses in the presence of the testator or testatrix. This provision of the law is one enacted for the purpose of proving wills, and since the early history of the State it has been deemed sufficient proof to establish wills devising untold millions of property. The testimony of these witnesses produced in this case before the court was direct and a positive statement of fact that the deceased had signed her name and

executed the will. The other point to be kept in the foreground is that the testimony of experts is, at the best, *secondary evidence, merely an opinion* as opposed to a positive fact, and however expert the witness may be, he is not giving voice to any direct statement of fact capable of proof, but only the opinion of what he thinks the alleged differences in the signatures disclose.

The question of the weight of opinion testimony as opposed to that of positive, direct facts, stating testimony, has been commented upon by this court in several instances. In *Fekete* v. *Fekete,* 323 Ill. 468, at 483, we said that opinion evidence has been held to be of little value, except where it calls attention of the court to facts which are capable of verification by the court, and which the court might otherwise have overlooked. To the same effect is *Lyon* v. *Oliver,* 316 Ill. 292. In the *Fekete case* it is also said that opinions as to the authenticity of handwriting at best are weak and unsatisfactory evidence, since there is much room for error, and great temptation to form opinions favorable to the party calling the witness. This view has been followed in *In re Will of Barrie,* 393 Ill. 111, and *Yowell* v. *Hunter,* 403 Ill. 202.

Both experts attempt to discern a forgery of the name of the testatrix has been accomplished because they find some variations in her signature at the date of the execution of the will compared with those of former dates. The evidence shows that the testatrix was over eighty years of age; that she had suffered a heart attack shortly before the execution of the will; that she was sitting up in bed, writing on a small table a foot or eighteen inches square, which rested upon the bed, and was writing without the use of her spectacles. Both experts admit these conditions would bring about a variation in the signatures, but profess to find fundamental differences upon which they base an opinion there was a forgery.

As pointed out above, the testimony of the experts is nothing but an opinion, which may be useful when it can be corroborated by definite facts, or when it is connected with facts which may be substantiated, but it cannot be allowed to prevail over the uncontradicted and unimpeached testimony of two disinterested witnesses, who testified they saw the testatrix write the signature in question. The opinion of the experts, whether well- or ill-founded, does not subject them to the penalties of perjury, if false, while, on the other hand, the testimony of the attesting witnesses may, in case of falsehood, subject them to such penalties.

The appellant complains that if he cannot, by expert testimony, overthrow the will of Lucy Eloise Jones on the ground of forgery he would be without remedy. The law provides the measure of proof of the will of a deceased person by requiring the testimony of at least two or more credible witnesses, and there is nothing in the present record to show that the attesting witnesses were not credible persons.

We believe a resumé of the authorities fails to disclose a single case in Illinois where a will positively proved by attesting witnesses, whose credibility and truthfulness are not in doubt, has ever been overcome by opinion testimony alone. If such should become the law, the will of every person would be hazarded by the production of experts, who might profess to see in the signatures of deceased persons, in different periods in his or her life, evidence that the will was a forgery, or otherwise fabricated. Expert testimony has its useful place, but being an opinion, it has less weight than direct testimony on a controverted fact. It is not the policy of the law to permit facts positively established by eyewitnesses to be overcome by opinions, except possibly when the eyewitnesses have been discredited or impeached. To do so would put a premium upon secondary evidence, not justified by any known rule of law.

We shall not attempt to analyze the several differences claimed to have been found in the signature of Lucy Eloise Jones between 1932 and 1945, as it would serve no useful purpose, but we might remark there are certain characteristics in the signature contested and those of prior years which are apparently identical, but which have not been discussed or referred to by the expert witnesses. We go no further than to say that the testimony in this case is not sufficient to overcome the positive testimony of the attesting witnesses, to say nothing of the support given by the testimony of the bank cashier, who had been cashing checks of Mrs. Jones for over twenty years.

The action of the trial court in finding that the instrument in controversy was the last will and testament of the deceased, and that it bore the genuine signature of Lucy Eloise Jones, was correct and proper, and the decree of the circuit court of Cook County is accordingly affirmed.

*Decree affirmed.*