## Peterman Will.

Argued March 20, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Joseph A. Rieser,* for appellants.

*J. Quint Salmon,* with him *Hartford & Prather, John B. Prather* and *Wilson & Salmon,* for appellees.

Opinion by Mr. Justice Allen M. Stearne, May 21, 1951:

The three appeals, in a will contest, are from a decree of the Orphans' Court of Beaver County denying a petition for an issue *devisavit vel non* on the ground that no substantial dispute upon a material matter of fact was shown to exist.

William Peterman, Sr., aged 79, died January 24, 1949. He left surviving as his only heirs three adult children and four grandchildren, issue of a deceased son. His estate consisted of the modest house in which he resided, an automobile, an interest in household furniture and some cash. His deceased son, William, Jr., had been his partner in a painting business. The son's widow, Regina Peterman (proponent) and her four children, had resided with decedent for 12 years prior to decedent's death. Decedent's three adult children lived elsewhere.

The probated testamentary writing is dated January 17, 1949. It was purported to have been signed by dece-

dent and is witnessed by two *subscribing* witnesses. One witness is a niece, the scrivener, and the other witness is a tenant who occupied an apartment over decedent's garage. The dispositive provisions of the will to the daughter-in-law, Regina Peterman (proponent), consist of a specific devise of decedent's real estate (his home) and specific bequests of his automobile and interest in household furniture. He assigned as the reason for such testamentary provisions: "[Regina] has been like a daughter to me and has nursed me through my sickness. . . ." It is also provided in the will that if any cash remained after payment of debts two named children should each receive $100. He stated that he had "taken care of" the remaining named son (who had been ill.) He named his niece, the scrivener, executrix.

The three children join in the will contest alleging (a) testamentary incapacity (b) undue influence and (c) forgery. They prayed for the grant of an issue *devisavit vel non*. An extended hearing was held before President Judge McCREARY who, in a well considered opinion, analyzed the evidence and accurately stated the applicable principles of law. An issue was denied. The appeals followed.

The allegations of testamentary incapacity and undue influence are so devoid of substance that they do not even merit discussion. The contest is narrowed to an issue of forgery.

The two *subscribing* witnesses testified that in the presence of each other they *saw* decedent sign the testamentary writing as and for his last will and testament. Contestants rely upon the testimony of a handwriting expert whose *opinion* was that the signature of decedent was forged.

There is little which we can add to the ruling of the learned hearing judge. We agree that the *opinion* testimony of a handwriting expert, *standing alone,* is insufficient to overcome direct and positive *factual* evidence

of the two subscribing witnesses: *Porter's Estate,* 341 Pa. 476, 19 A. 2d 731. The recital of the judge's *personal* experiences concerning the unreliability of testimony of handwriting experts was inappropriately included in his judicial opinion and obviously should have been omitted. In the present circumstances, however, it does not constitute reversible error.

Appellants, however, contend that the credibility of the subscribing witnesses was impeached. The reason assigned for attacking the credibility of one subscribing witness, Augusta Kampmeyer, is ". . . [such witness] has, by writing herself into the Will as Executrix thereof, taken to herself an interest in the outcome of the Will contest, . . ." and ". . . her admitted connection with the named beneficiary, . . ." The testimony discloses not the slightest indication of irregularity in proponent's appointment as executrix. The real estate is *specifically* devised and the personal property likewise is *specifically* bequeathed. The executrix's sole interest is her compensation as fiduciary. The existence of any cash (beyond that necessary for payment of debts) is questioned by the testator in the will. Certainly financial benefit in this case from compensation as fiduciary is *de minimis.* Friendship alone of the witness for the proponent is insufficient to impeach the witness's credibility. The credibility of the other subscribing witness likewise stands unimpaired. This witness was the tenant of an apartment over decedent's garage. He was without the slightest personal interest. The date of the will was January 17, 1949. The witness was subjected to a lengthy and searching examination. In fixing the date of the execution of the will the witness made reference to the date of his payment of rent to decedent on January 20, but the testimony, considered as a whole, fails to establish that the will in fact was executed on or after January 20 instead of January 17, its purported date.

As there is unimpeached credible evidence of two subscribing witnesses of the execution of the will, the *opinion* testimony of a handwriting expert, standing alone, is insufficient to overcome such positive *factual* evidence.

Decree affirmed at appellants' cost.