Minnie Naus, Appellant, v. Joanna-Western Mills Company, a Foreign Corporation Licensed to Do Business in Illinois, Appellee.

Gen. No. 47,410.

First District, Third Division.
June 4, 1958.
Released for publication July 18, 1958.

John H. Galgano and Patrick A. Barton, of Chicago, for plaintiff-appellant.

Ashcraft, Olson & Edmonds, of Chicago (Charles H. G. Kimball, and Norman L. Olson, Jr., of counsel) for defendant-appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a summary judgment entered in the court below finding the defendant not guilty.

The complaint filed by the plaintiff set forth, among other things, the following:

"That on or about March 1st, 1956, defendant installed machinery for use in the defendant's business of window shade manufacture, on defendant's premises above described, and thereupon began and has since continued and is now engaged in the use of said machinery which causes great vibrations which are transmitted through the earth and other strata beneath the aforementioned Des Plaines Street to the lands and properties of plaintiff that necessarily and naturally result in shaking, trembling and displacement of plaintiff's building and did cause the subsidence, settling and cracking of the building of plaintiff and other damages as hereinafter set forth."

"That by reason of said vibrations in and about the dwelling house of the plaintiff during the time aforesaid, and at the present time, the comfort of the plaintiff and her health as well as the enjoyment of her home, have been and are greatly impaired, and the value of said premises diminished, to-wit: Twelve Thousand ($12,000) Dollars; and the plaintiff is thereby prevented from selling the same which she much desires to do to the plaintiff's damage, in the whole, the sum of Twenty Thousand ($20,000) Dollars."

The defendant did not move to strike the complaint as being insufficient in law, but answered. The answer, among other things, contained the following:

"Said defendant admits that on or about March 1, 1956 it installed certain machinery in a certain portion of the plant located on the northerly part of the premises occupied by it, but denies that said machinery has caused vibrations which are transmitted to the lands

and properties allegedly owned by the plaintiff and denies that the operation of said machinery has resulted in the sliding, trembling and displacement of the building allegedly owned by plaintiff and denies that the operation of said machinery has caused the subsidence, settling and cracking of the building allegedly owned by plaintiff or any other damage complained of in said complaint."

"Said defendant denies that the comfort and health of the plaintiff or the enjoyment of the home allegedly owned by plaintiff have been impaired or that the value of the premises allegedly owned by the plaintiff has been diminished in any sum whatsoever or that the plaintiff is prevented from selling said premises or that the plaintiff is damaged in any sum whatsoever as a result of any of the acts or things charged in the complaint."

These respective allegations of the complaint and answer raise, without doubt, certain questions of fact.

Defendant filed a motion for summary judgment which set forth as the issues to be resolved in the case the conflicts of facts heretofore pointed out in the pleadings. That motion was accompanied by certain affidavits, which, the defendant says, "conclusively prove" the allegations of their answer. The detailed affidavits were of the defendant's project engineer and of a seismologist, hired by the defendant, who had made tests relating to the alleged vibrations. The affidavits were carefully prepared, made by experts in their field. They were accompanied by exhibits, pictorial as to location and detailed as to the results of the tests. They tended to prove for the defendant that the machinery of the defendant caused no vibrations in the area adjacent to defendant's property, and that such vibrations as did occur within that area were slight and inconsequential insofar as damaging the

plaintiff's property was concerned. They certainly tended to support the defendant's answer.

Plaintiff introduced the affidavits of two lay witnesses. Both of them were residents in the property owned by the plaintiff and had been residents before the installation of the new machinery in the defendant's property and, therefore, all of the time involved in the complaint. Each of the affidavits of these lay witnesses divides itself into two parts: one part which attacks the credibility and believability of the expert witnesses, makers of the affidavits of the defendant, heretofore referred to; and secondly, in regard to definite statements of fact relating to the allegations of the complaint.

As to the credibility portion of the affidavit, the affidavit of Cecelia Giudice is as follows:

"That she was present on February 9th, 1957, in her home, when certain tests were conducted in the vicinity of her home, by persons who stated that they were testing the vibrations caused by the new addition, and that at all times during said tests there was some vibration in her residence, said vibrations being great at times and of lesser intensity at other times."

The affidavit of the other lay witness, Philomena Frazier, as to the same matter of credibility, is as follows:

"That on February 9, 1957, she was present in the building at 2006 South Desplaines Street, Chicago, Illinois, and observed the placing of certain equipment, by persons unknown to her, in the vicinity of the building at 2006 South Desplaines Street, Chicago, Illinois, and on the concrete walk in front of a building on the east side of Desplaines Street, in the 1900 block, Chicago, Illinois, and that she witnessed certain persons observing the equipment above mentioned.

"That while the aforementioned pieces of equipment were in place the building at 2006 South Desplaines Street, Chicago, Illinois vibrated intensely at times and vibrated to a lesser degree at other times."

As to the second part of their affidavits, relating directly to the allegations in the complaint which are disputed by the defendant, the affidavit of Cecelia Giudice is as follows:

"That since she has resided at her present address, the said building has always vibrated when the machinery of Joanna Western Mills Company is in operation, and that since on or about March 1st, 1956, when the new addition to said Joanna Western Mills Company was placed in operation, the building in which she resides has vibrated more than previous to the operation of said new addition.

"That the vibrations in her home, above described, are of greater intensity between Monday and Friday of each week, both days inclusive, at which time Joanna Western Mills Company machinery is in full operation, and that on Saturdays there is less vibration.

"That the vibrations of the building in which she resides, above described, are of such intensity as to cause the sash weights in her windows to constantly collide with the sides of the sash channels creating noise at all times that the machinery of Joanna Western Mills Company is in operation, and that from her observations it is her opinion that said vibrations have caused the building in which she resides to sag and are injurious to the health and comfort and enjoyment of persons using said building as a home."

As to the same matters covered in the affidavit of Philomena Frazier, they are as follows:

"That since moving into the building at 2006 South Desplaines Street, Chicago, Illinois, the said building has vibrated greatly whenever the Joanna Western

Mills Company machinery has been in operation and that the greatest vibration is noticed between Monday and Friday, both days inclusive, of each week, and that on Saturdays there is less vibration.

"That during the times of intense vibration above mentioned, a person seated in a chair in the building at 2006 South Desplaines Street, Chicago, Illinois, does definitely feel actual motion, and that from my observations it is my opinion the vibrations do cause damage to the plaster and other portions of said building and are injurious to the health and comfort and enjoyment of any person using said building as a home."

██ It is clear that the affidavits of the defendant are the testimony of scientific experts. The law makes no distinction whatever between expert testimony and evidence of another character. Treadwell v. Nickel, 194 Cal. 243, 228 P. 25, 34: Whenever there is a conflict between scientific testimony and the testimony as to the facts, the jury or the trial court must determine the relative weight of the evidence. Rolland v. Porterfield, 183 Cal. 466, 191 P. 913, 914. In the Treadwell case the expert testimony related to the value of fees, while in the Rolland case the expert testimony related to handwriting. But both of those cases have been cited with approval in Arais v. Kalensnikoff, 10 Cal.2d 428, 74 P.2d 1043, which was a blood-test case relating to paternity. The rule has been followed in regard to handwriting in Illinois on numerous occasions, and in Jones v. Jones, 406 Ill. 448, at page 450, the court said: "The question of the weight of opinion testimony as opposed to that of positive, direct facts, stating testimony, has been commented upon by this court in several instances." And, on page 451: "As pointed out above, the testimony of the experts is nothing but an opinion, which may be useful when it can be corroborated by definite facts, or when it is connected with facts which may be substantiated, but

91

it cannot be allowed to prevail over the uncontradicted and unimpeached testimony of two disinterested witnesses, who testified they saw the testatrix write the signature in question."

The basic concepts underlying summary judgments are discussed in Sampson Co. v. Mandel Bros., Inc., 3 Ill.App.2d 92, by Mr. Justice Robson, as follows:

"The governing principles guiding summary judgment procedure are stated in Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill. App. 465. The procedure may not be used to impair right of trial by jury. Its purpose is not to try an issue of fact but to try whether one exists between the parties within the legal meaning. Affidavits for plaintiff (moving party) should be construed strictly, those for defendants (opposing party) liberally. Plaintiff's (moving party's) right to judgment should be free from doubt. If the defense is arguable, apparent, made in good faith, it should be submitted to a jury. The court is bound to accept statements of fact as true when alleged in defendant's (opposing party's) affidavits. The whole record must be considered." (Parenthetical explanations added by us.)

The authorities for the principles so succinctly set forth by Judge Robson had earlier been developed and cited by Mr. Justice Matchett in the Gliwa case, at page 470:

"Defendant points out the rules which guide the courts. The procedure may not be used to impair right of trial by jury. Diversey Liquidating Corp. v. Neunkirchen, 370 Ill. 523. The purpose of the procedure is not to try an issue of fact as that term is used in law but rather to try whether there is an issue of fact between the parties within the legal meaning. The method is necessarily inquisitorial. The pleadings (important) are not controlling. If it appears from

92

facts stated in affidavits or documents that the answer pleaded is sham or false or frivolous it will be disregarded. If there is a material issue of fact it must be submitted to a jury. In Berick v. Curran, 55 R. I. 193, 179 Atl. 708, 710, this procedure is well described as, 'a two-edged weapon—useful if it precludes the interposition of defenses for delay, but dangerous if it deprives a defendant of the opportunity to have a trial of seriously contested questions of fact or law.'

"The authorities say affidavits for plaintiff should be construed strictly, those for defendants liberally. Shientag, 4 Fordham L. R. 186; Gleason v. Hoeke, 5 App. Dist. of Col. 1, 4–5; Fidelity & Deposit Co. v. United States for use of Smoot, 187 U. S. 315, 320; Wells v. Alropa Construction Corp., 82 Fed. (2d) 887, 889, are cited.

"Plaintiff's right to judgment should be free from doubt. Lord Esher in Sheppards & Co. v. Wilkinson & Jarvis, 6 T. L. R. 13, and many other cases.

"Even if defense papers are found insufficient, judgment should not be ordered unless plaintiff's affidavit (strictly construed) leaves no question of defendant's liability. People for use of Dyer v. Sanculius, 284 Ill. App. 463, 474–475; Weiss v. Goldberger, 209 App. Div. 615, 205 N. Y. S. 1, 3; 4 Fordham L. R. 186, 216; Wm. H. Frear & Co., Inc. v. Bailey, 127 Misc. 79, 214 N. Y. S. 675, 677.

"If the defense is 'arguable,' 'apparent,' made in 'good faith' it should be submitted to a jury. Fidelity & Deposit Co. v. United States for use of Smoot, 187 U. S. 315, 320. The court is bound to accept statement of facts as true when alleged in defendant's affidavits. The whole record must be considered."

It is to be noted in the cases discussed above, plaintiff was the party moving for the summary judgment, and the defendant was the resisting, or opposing, party, while in the instant case defendant is moving for a

summary judgment, or a dismissal of an action, and the plaintiff is the resisting, or opposing, party, whose obligation it is to establish that there is a triable issue of fact. The general principles enunciated in those two illuminating decisions have been followed by the courts of Illinois.

 In our case it is evident that there is a direct factual conflict in the pleadings and between the affidavits of the defendant, seeking a summary judgment through its expert witnesses, and the affidavits of the plaintiff, resisting a summary judgment through her lay witnesses, as to the existence and extent of vibrations, as to their relationship with the operation of the newly established machinery of the defendant, and as to the causing of damage by the vibrations. We are of the opinion that when these affidavits are construed in accordance with the principles of law set forth above, there can be no doubt that there is a triable issue of fact. To enter a summary judgment would be in deprivation of the right of trial by jury.

Therefore, the judgment of the trial court is reversed and the cause remanded with directions to proceed with the trial of the issues.

Reversed and remanded with directions.

FRIEND, J., concurs.

BURKE, P. J., dissenting:

The affidavits supporting the motion for a summary judgment show that they were made by persons who had personal knowledge of the facts, and that the facts set forth therein would constitute competent evidence on the trial of the cause. The tests related by affiants show that the operation of the machinery in the new plant addition caused no earth vibrations whatsoever at the house of the plaintiff, and that the

only vibrations recorded, infinitesimal in amount, existed independently of the operation of the machinery in question. The counteraffidavits filed by the plaintiff were to the effect that at the times when the affiants saw certain tests being made about the premises of the plaintiff, the latter's house in which they were then located was vibrating. The issue presented is whether vibrations caused by defendant's new installation are carried through the earth under Des Plaines Street to the house of plaintiff. These affiants had no personal knowledge with respect to the operation of the machinery by the defendant or the relationship thereof to the vibrations. Their statements that the vibrations are caused by the operation of the machinery of the defendant are conclusions and cannot overcome the defendant's affidavits.

Section 57 of the Civil Practice Act [Ill. Rev. Stat. 1957, ch. 110, § 57] states that the judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law. Supreme Court Rule 15 provides that affidavits in support of and in opposition to a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. The affidavits filed by the plaintiff fail to raise any genuine issue as to a material fact. In my opinion the trial judge was right in allowing the motion for summary judgment and the judgment should be affirmed.