WILLSON, J. H., Associate Judge.
A. T. Spinder, Executor of the Estate of Frank J. Krugle, also known as Frank J. Bender, has appealed from a judgment of the County Judge’s Court of Hills-borough County, Florida, granting the petition of Chester W. Bobier to .revoke the probate of an alleged will of the decedent, in which Spinder was named as sole beneficiary and executor.
Appellee’s counsel have furnished us no brief in support of the judgment. We condemn this practice as unfair to the Court entering the judgment, and as placing an undue burden on us. If there were valid reasons to justify counsel in withdrawing from the case, formal action should have been taken by them to that end.
Frank J. Krugle was an elderly Pole who resided in Tampa, Florida. On or about January 2, 1955, he made a will in which Chester W. Bobier was named as sole beneficiary and executor. The genuineness of this will is not in issue.
Krugle died on November 19, 1958. The will which forms the basis of this appeal, and which was purportedly made by the decedent on December 27, 1957, was duly admitted to probate and record in the County Judge’s Court of Hillsborough County, Florida, on November 28, 1958. On December 3, 1958, Bobier filed a petition to revoke the probate of the will on the sole ground that it was a forgery. After hearing the testimony of numerous *862 witnesses, including two handwriting experts, the lower court granted the petition to revoke.
Appellant poses the following questions for our consideration:
“I. Does the record contain substantial competent evidence to support the findings of Chancellor that the will admitted into probate was a forged instrument ?
“II. Did the Probate Court misinterpret the legal effect of the testimony as a whole ?
“III. Were the findings and conclusions of the Court as indicated in the final judgment reasonably sustained by consideration of all the evidence; or are the inferences and conclusions drawn from conflicting facts and undisputed facts as found by the Probate Court contrary to manifest weight of the evidence?
“IV. Did the Court err in failing to grant appellant’s original and supplementary application for rehearing and petition for leave to introduce newly discovered evidence?”
Section 732.31, Fla.St.1959, F.S.A., controls the burden of proof in proceedings to determine the validity of wills. It reads as follows:
“In all proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, shall be upon the proponent thereof to establish, prima facie, the formal execution and attestation thereof, whereupon the burden of proof shall shift to the contestant to establish the facts of constituting the grounds upon which the probate of such purported will is opposed or revocation thereof is sought.”
The .record reveals that the probate judge did not recognize and follow the mandate of this statute.
It is our duty, however, to “examine the record, and reverse or affirm the judgment * * * of the court below; give such judgment * * * as the court below should have given; or otherwise as to it may appear according to law.” Section 59.34, Fla.St.1959, F.S.A. Since appellant’s testimony in support of the validity of the will is before us, and since “it is the desire of courts to bring an end to litigation at the earliest possible date, in so far as this can be accomplished under established principles of law,” Cason v. Baskin, 159 Fla. 31, 30 So.2d 635, 640, we will disregard the error in procedure and consider the questions raised by appellant.
The .rule we are bound to follow in this appeal is laid down in Miller v. Nelson, 160 Fla. 410, 35 So.2d 288, 289. The court said:
“The rule of decision is that if there is substantial competent evidence to support the findings of the probate Judge and he did not misinterpret the legal effect of the evidence as a whole, his decree should be affirmed. In re Donnelly’s Estate, 137 Fla. 459, 188 So. 108; Wilkins Estate, 128 Fla. 273, 174 So. 412; Alkire’s Estate, 142 Fla. 862, (144 Fla. 606), 198 So. 475; Thompson’s Estate, 145 Fla. 42, 199 So. 352.”
Alfred R. Picker, the handwriting expert for appellee, testified that in his opinion the signature of Frank J. Krugle on the will was a forgery. This, standing alone, was not legally sufficient to overcome the testimony of the eyewitnesses. Mauldin v. Reel, Fla., 56 So.2d 918, In Re Peterman’s Estate, 367 Pa. 302, 80 A.2d 792, Jones v. Jones, 406 Ill. 448, 94 N.E.2d 314.
The rule laid down by these, and many other decisions, is succinctly stated in 154 A.L.R. 652 as follows:
*863 “(T)he testimony of handwriting experts, standing alone and not corroborated by facts and circumstances outside the expert’s province, will not be permitted to overcome the testimony of attesting witnesses, whose testimony is unimpeached and, apart from the testimony of the expert, uncon-tradicted.”
The following excerpts from Jones v. Jones, supra [406 Ill. 448, 94 N.E.2d 315], contain cogent reasons for this rule:
“ * * * The * * * point to be kept in the foreground is that the testimony of experts is, at the best, secondary evidence, merely an opinion as opposed to a positive fact, and however expert the witness may be, he is not giving voice to any direct statement * * * capable of proof, but only the opinion of what he thinks the alleged differences in the signatures disclose.
“ * * * In the Fekete case (323 Ill. 468, 154 N.E. 209) it is also said that opinions as to the authenticity of handwriting at best are weak and unsatisfactory evidence, since there is much room for error, and great temptation to form opinions favorable to the party calling the witness. * * *
“ * * * (T)he testimony of the experts is nothing but an opinion, which may be useful when it can be corroborated by definite facts, or when it is connected with facts which may be substantiated, but it cannot be allowed to prevail over the uncontra-dicted and unimpeached testimony of two disinterested witnesses, who testify they saw the testatrix write the signature in question. * * *
“ * * * If such should become the law, the will of every person would be hazarded by the production of ex- ' perts, who might profess to see in the signatures of deceased persons, in different periods in his or her life, evidence that the will was a forgery, or otherwise fabricated. * * *
“ * * * It is not the policy of the law to permit facts positively established by eye witnesses to be overcome by opinions, except possibly when the eye witnesses have been discredited or impeached. To do so would put a premium upon secondary evidence, not justified by any known rule of law.”
This rule does not conflict with Mauldin v. Reel, supra [56 So.2d 919], In that case the court said:
“The principal contention here made by appellant is that, since the will’s authenticity is sworn to by alleged eyewitnesses to its execution, and since its falsity is established only by the testimony of handwriting experts, it was error to hold the will a forgery. While undoubtedly in a proper case the testimony of expert witnesses ought not to prevail in the face of direct and credible evidence to the contrary, there is no such situation here.
“Without detailing the inconsistencies and contradictions in the testimony of the proponents of the will, we will say only that they were sufficient to deprive such testimony of its credibility; and, indeed, the situation itself, as recounted above, carries with it its own ring of implausibility.”
Nor does it conflict with Boyd v. Gosser, 78 Fla. 64, 82 So. 758, for the disputed document in that case was not executed in the presence of attesting witnesses.
The appellee, Chester Bobier, testified on cross examination that he once worked at a bank, that he had been given a course in the detection of forgeries, that he was familiar with the signature of the decedent, and that in his opinion the signature of Frank J. Krugle on the will was a forgery. Appellee’s training was not suf *864 ficient to qualify him as an expert, and his testimony as a non-expert, standing alone, was not legally sufficient to overcome the testimony of unimpeached eyewitnesses.
There was no effort made to directly impeach the veracity of the putative eyewitnesses to the will. We find nothing in the record that is legally sufficient to so impeach them.
In his “Findings, Opinion And Judgment” the probate judge found that the attesting witnesses disagreed about incidental features surrounding the execution of the will, and that they and appellant were friends and fellow members of the Polish-American Citizens Club. On the basis of this he rejected what he describes as their “otherwise undisputed and uncon-tradicted testimony.”
The mere fact that witnesses contradict each other is not, in itself, an impeachment of their veracity. Saussy v. South Florida R. R. Co., 22 Fla. 327, Kauz v. U. S., S Cir., 188 F.2d 9, New Amsterdam Casualty Co. v. Parham, 2 S.W.2d 866 (Tex.Civ.App.). Nor does their friendship and association with appellant, unaccompanied by facts from which adverse conclusions could be drawn, and we find none in the record, have this effect. In Re Peterman’s Estate, supra.
The probate judge found nothing against the character of appellant. He said, “As to Spinder, there is no evidence of other forgeries or skill in handwriting. There is no evidence of his possession of materials essential to the act of forgery. There is nothing in the evidence concerning Spinder impugning his integrity or showing or indicating a background of dishonesty. But that is a negative consideration.” Negative though it may be the good character of appellant stands undisputed.
The facts and circumstances surrounding the execution of the will are not such as to corroborate the opinion of appellee’s handwriting expert, that the signature of Frank J. Krugle thereon is a forgery.
The judge of the court below misconceived the legal effect of the evidence. The testimony of the eyewitnesses to the execution of the will established prima facie the formal execution and attestation thereof. The testimony of appellee’s handwriting expert, not corroborated by circumstances indicative of forgery or fabrication, was legally insufficient to overcome the effect of the testimony of the eyewitnesses when they were unimpeached.
The conclusion we have reached makes it unnecessary to consider the other questions raised in appellant’s brief.
The judgment of the lower court is reversed with instructions to dismiss appel-lee’s petition to revoke the probate of the will of Frank J. Krugle, deceased, in which appellant is named as sole beneficiary.
SHANNON, C. J., and ALLEN, J., concur.