HERBERT MILES et al., Plaintiffs-Appellants, Cross-Appellees, v. MARY E. GRAHAM, Admr. of the Estate of Patrick Lawrence Quaid, Deceased, et al., Defendants-Appellees, Cross-Appellants.

(No. 11496;

Fourth District—August 16, 1972.

Arlo E. Bane and Costigan & Wollrab, both of Bloomington for appellants.

Livingston, Barger, Brandt, Slater and Schroeder, of Bloomington, (William C. Wetzel, of counsel,) for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from a decree denying specific performance of an alleged contract for the conveyance of real estate. The defendant administrator cross-appeals from a money judgment in favor of the plaintiffs in the sum of $9489.20.

Plaintiffs produced a document, identified as Exhibit A, which purported to be a carbon copy of a document signed by Patrick L. Quaid in words as follows:

"Jan. 1952                    Dec. 1957

Contract and Agreement

To Herbert and Marie Miles from Lawrence Quaid
For $12,000 total amount to be paid from Jan. 1, 1952 with Final
Payment to be made on or before Dec. 31, 1957, $12,000, for real
estate in McLean Co., Illinois

West 278 SW 29 SE 22
5-E-40 acres more or less L_____·

Total amount received and· accounted for as Final payment of
$12,000 This Day, Sat. Dec. 28, 1957. Title and Abst. due Herbert
and Marie Miles.
Address, LeRoy, Ill. R. R.
Signed   Lawrence Quaid.

December 28, 1957"

It is said that the first part of the document was written in January,
1952, but the latter part concerning the amount received and the pur-
ported signature were written in December, 1958, with the same pencil
upon pages of a stenographic spiral notebook.

■■ No memorandum opinion was prepared by the trial court, but the
decree contains the. finding that the plaintiffs have failed to prove that
they are entitled to specific performance in the execution and delivery
of a deed. In *Pope v. Speiser*, 7 Ill.2d 231, p. 242, 130 N.E.2d 507, at
512, the rule is stated:

"To justify a decree for specific performance of an oral contract
to convey or devise real estate, the proof of the contract must be
clear, conclusive and so convincing as to leave no reasonable doubt
in the mind of the court and it must be made to appear that the
terms of the contract are certain, definite and unequivocal * * * ."

Plaintiffs urge that the denial of specific performance is contrary to
the manifest weight of the evidence, and seek to show the contract
fully performed through the taking of possession. No acts in evidence
are inconsistent with a landlord-tenant relationship. We have sum-
marized and examined the evidence in detail. The trial court heard
the witnesses and examined the documents, and is in a better position
than we to judge the credibility of the witnesses in the greatly con-
flicting testimony.

■■ We conclude that within the context of *Jones v. Jones*, 406 Ill.
448, 94 N.E.2d 314, there was no actual eyewitness to the purported
signature of Quaid, and that it was not error to consider the opinion
of a handwriting expert.

■■ Examination of the record shows that plaintiffs' evidence is subject to doubt, and that no action was taken to obtain the deed during the more than nine years that Quaid lived following the purported completion of the contract. The trial court did not find a sufficient quantum of evidence to grant specific performance, and neither can we. Review of the minutia of the testimony would serve no useful purpose and have no value as precedent. Upon the authority of Supreme Court Rule 23, the order denying specific performance is affirmed.

■■ While the defendant administrator cross-appeals as to the money judgment, the parties stipulated that plaintiffs had expended the sum of $3620.20 for improvements upon the real estate, which sum should be awarded to the plaintiffs, either as a judgment or a lien. The portion of the money payment represented by the sum of $5869, allegedly advanced by plaintiffs, should not have been entered for the reason that Paragraph 6 of the complaint asserting this claim was stricken by the court on motion before trial and was not answered by the defendant. Additionally, our examination of the record discloses no basis for distinguishing the amounts alleged to have been advanced from the other alleged payments which the court seems to have considered not proven. The defendant should have an opportunity to plead to the issue of money advanced or loaned, and have an opportunity to present evidence upon the issue.

■■ The judgment denying the prayer for specific performance is affirmed. The money judgment is reversed in part and remanded in part with directions to enter a new judgment for the amount of money shown to have been paid by the plaintiffs for improvement pursuant to the stipulation and for further proceedings on the remaining issue of the purported advances not inconsistent with the views expressed herein.

Affirmed in part, reversed in part, and remanded with directions.

CRAVEN and SMITH, JJ., concur.